Anna Abdaly **CASTILLO**, Appellant,

v.

**GARED, INC. and Gared, Inc. d/b/a Pro–Tec Security & Patrol, Appellees.**

No. 01–98–00655–CV.

Court of Appeals of Texas, Houston (1st Dist.).

Aug. 12, 1999.

Rehearing Overruled Oct. 21, 1999.

Reagan W. Simpson, Warren Szutse Huang, Fulbright & Jaworski L.L.P., Alexander B. Klein, III, Johnson & Klein, III, Houston, for Appellant.

Jay D. Hirsch, Hirsch, Sheiness & Scott, Grossman & Cohn, L.L.P., Edward M. Carstarphen, Woodard, Hall & Primm, P.C., David Blackshear Mantor, Woodard Hall & Primm, Pc, Houston, for Appellees.

Panel consists of Justices COHEN, HEDGES, and NUCHIA.

## OPINION

NUCHIA, Justice.

Appellant Anna Abdaly Castillo filed suit against appellees Gared, Inc. and Gared, Inc. d/b/a Pro–Tec Security & Patrol ("Pro–Tec") alleging negligence, including negligent supervision of Pro–Tec's security patrol. Appellant dismissed Pro–Tec's two co-defendants, and the trial court granted summary judgment on all negligence claims except negligent supervision. The jury found in favor of appellant and awarded her $800,000 in actual damages. The trial court granted Pro–Tec's motion for judgment notwithstanding the verdict and

rendered a final order in favor of Pro–Tec. We affirm.

## BACKGROUND

Appellant testified as follows: She was raped by an acquaintance, Antonio, at an Economy Lodge Motel. She ran outside, got in her car, and drove to the front desk, where she asked the security guard, Santiago Medrano, for help. She pointed out Antonio, who was in the parking lot. Medrano went over to talk to Antonio, then went back and forth between appellant and Antonio, listening to their stories. Medrano told her Antonio said she was a prostitute and accused her of stealing money from him. Medrano said he didn't know which of them to believe. Medrano put her in a back room in the front office area and searched her to see if she had the money on her, but found none. Medrano permitted Antonio to leave, saying he knew how to get in touch with him. Medrano then accompanied her to the motel room to search for the money. When they got to the room, Medrano closed the door and sexually assaulted her. She was crying, and he told her that if she did not cooperate, he would call the police and "take Antonio's side." She did not want the police called because she was afraid she would lose custody of her small child. Finally, she told Medrano she did not care anymore if he called the police. He said, "Okay .... I'll let you go." She dressed and went home. Her roommate took her to the hospital.

Rubin Soliz, operations manager of Pro–Tec, testified by deposition that he hired Medrano as an armed security guard. Medrano told Soliz he had been in appellant's motel room on the night of the incident. Soliz testified that, in his opinion, it was appropriate for Medrano to go into the guest room with appellant on the night of the incident. Soliz also testified that Pro–Tec granted Medrano discretion to investigate a felony at the crime scene without calling the Houston Police Department first.

Edward Ledsinger, president of Pro–Tec, testified that it is foreseeable that, if security guards start entering into motel rooms, that could cause problems for Pro–Tec, and that, if security guards enter rooms where there are disturbances between men and women or enter a crime scene, it could cause liability for Pro–Tec. He also testified the only reason a security guard was allowed to go into any motel room was to investigate an incident.

It is uncontested that Medrano had worked for another security company two or three years before going to work for Pro–Tec, that he was licensed to carry a firearm, and that he had no criminal record.

## DISCUSSION

### Standard of Review

■ A trial court may disregard a jury's findings and grant a motion for judgment notwithstanding the verdict, pursuant to Rules 301 and 324(c) of the Texas Rules of Civil Procedure, only when there is no evidence upon which the jury could have made its findings. *Mancorp, Inc. v. Culpepper,* 802 S.W.2d 226, 227 (Tex.1990); *Lone Star Ford, Inc. v. McCormick,* 838 S.W.2d 734, 738 (Tex.App.—Houston [1st Dist.] 1992, writ denied). In reviewing the grant of a motion for judgment notwithstanding the verdict, the reviewing court must determine whether there is any evidence upon which the jury could have made the finding. *Navarette v. Temple Indep. School Dist.,* 706 S.W.2d 308, 309 (Tex.1986). The record is reviewed in the light most favorable to the finding, considering only the evidence and inferences that support the finding and rejecting the evidence and inferences contrary to the finding. *Id.* If there is more than a scintilla of competent evidence to support the jury's finding, then the judgment notwithstanding the verdict will be reversed. *Id.*

### Negligent Supervision

In her sole issue, appellant contends the trial court should not have disregarded the jury's verdict because there was sufficient evidence to show that Pro–Tec negligently supervised Medrano by failing to adopt proper policies and procedures regarding its security guards' conduct and that Pro–Tec's negligence was the proximate cause of appellant's injury. Appellant is not asserting a claim for negligent hiring or negligent retention, nor is she asserting that Pro–Tec is vicariously liable for the actions of Medrano.

Pro–Tec's Amended Motion for Judgment Notwithstanding the Verdict asserted that (1) negligent supervision has not been adopted as a cause of action by the Texas Supreme Court; (2) there was no evidence to support the jury's finding of negligent supervision; (3) the theory of negligent supervision requires antecedent knowledge that there is an undue risk of harm because of the employment; (4) Pro–Tec established that it did not have such antecedent knowledge; and (5) there was no evidence to support the jury's award for pain and suffering or mental anguish attributable to appellant's encounter with Medrano because her pain and suffering or mental anguish could have been caused by the earlier rape by Antonio.

The trial judge granted Pro–Tec's motion for JNOV and took the unusual step of writing a letter to counsel explaining his ruling and stating that the grounds for his ruling were not limited to those set forth in the letter. The court briefly characterized the motion for JNOV as alleging (1) no duty regarding negligent supervision, and (2) no evidence of emotional anguish. The court found the second issue to be meritless, but found "important legal issues" in the first issue.

The trial court agreed that Texas law is unclear regarding whether a claim for negligent supervision exists. The court correctly noted, "It is uncontroverted that Defendant neither knew nor should have known of any prior conduct indicating a risk with respect to the employee or the conduct at issue." The court reasoned

that a negligent supervision claim would circumvent restrictions on respondeat superior because there is no assault, no matter how far removed from a person's employment, in which one could not argue that more supervision might have prevented the assault. The trial judge briefly distinguished the cases relied on by appellant and said, "Absent controlling legal authority to support Plaintiff's claims, I feel compelled to grant the motion for JNOV."

Although a claim for negligent supervision has been asserted in several Texas cases, it is often linked with a claim for negligent hiring. *See, e.g., Houser v. Smith,* 968 S.W.2d 542 (Tex.App.—Austin 1998, no pet.); *Robertson v. Church of God, Int'l.,* 978 S.W.2d 120 (Tex.App.—Tyler 1997, writ denied); *Peek v. Equipment Serv., Inc.,* 906 S.W.2d 529 (Tex.App.—San Antonio 1995, no writ); *Dieter v. Baker Serv. Tools,* 739 S.W.2d 405 (Tex.App.—Corpus Christi 1987), *on remand,* 776 S.W.2d 781 (Tex.App.—Corpus Christi 1989, writ denied). However, these cases address only the claim for negligent hiring.

We have found three cases that refer to a claim for negligent supervision separately from a claim for negligent hiring: *Continued Care, Inc. v. Fournet,* 979 S.W.2d 419 (Tex.App.—Beaumont 1998, pet. denied); *Mackey v. U.P. Enterprises, Inc. .,* 935 S.W.2d 446, 459 (Tex.App.—Tyler 1996, no writ); and *Kendall v. Whataburger, Inc.,* 759 S.W.2d 751 (Tex.App.—Houston [1st Dist.] 1988, no writ). None of these cases imposes liability for negligent supervision, and we do not interpret them as recognizing a separate cause of action for negligent supervision.

*Fournet* involved a claim that a nursing home's negligent supervision of a nurse permitted the nurse to use the deceased patient's pain medication, causing increased pain for the patient prior to her death. *Fournet,* 979 S.W.2d at 419. The jury found in favor of the plaintiffs. The court of appeals discussed the issues in terms of an ordinary negligence cause of action. The court assumed the existence of a duty and breach of that duty because these elements of negligence were not challenged by the appellant. The court of appeals reversed and rendered, determining that there was no evidence that the patient's supply of pain medication was exhausted (or no cause in fact) and no proof of foreseeability that the patient was in danger of unnecessary or increased pain or suffering. *Id.* at 423.

In *Mackey,* the plaintiff sued her employer for sexual harassment, wrongful discharge, and negligent supervision, based on actions taken against her by her supervisors. *Mackey,* 935 S.W.2d at 446. The trial court granted the employer's motion for summary judgment. *Id.* The court of appeals reversed the judgment as to the sexual harassment and wrongful discharge causes of action and affirmed the judgment as to negligent supervision. *Id.* at 460, 461. The employer produced evidence regarding its training and management policies and procedures and its monitoring activities by company officers and supervisors. *Id.* at 460. The plaintiff's summary judgment evidence did not controvert these facts, and the court of appeals concluded that there was no issue of fact regarding negligent supervision. *Id.*

In *Kendall,* a customer had a disagreement with a worker behind the service counter, and the worker struck the customer in the face with a hot french fry basket. *Kendall,* 759 S.W.2d at 752–53. The customer filed suit against Whataburger, alleging negligent hiring and supervision. *Id.* at 753. The trial court granted summary judgment to Whataburger on the issue of negligent hiring. *Id.* The jury found in favor of Whataburger on the issue of negligent supervision. *Id.* The court of appeals affirmed the trial court's judgment in favor of Whataburger as to negligent supervision because there was sufficient evidence to support the finding of the jury. *Id.* at 757. *Kendall* does not address negligent supervision as a separate cause of action.

### Negligence

We believe appellant's claims are subject to analysis as a negligence cause of action. The elements of a negligence cause of action are a duty, a breach of that duty, and damages proximately caused by the breach of duty. *Greater Houston Transp. Co. v. Phillips*, 801 S.W.2d 523, 525 (Tex.1990). An employer has a duty to adequately hire, train, and supervise employees. The negligent performance of those duties may impose liability on an employer if the complainant's injuries result from the employer's failure to take reasonable precautions to protect the complainant from the misconduct of its employees. *Mackey v. U.P. Enterprises, Inc.*, 935 S.W.2d 446, 459 (Tex.App.—Tyler 1996, no writ).

In her brief, appellant argues that the evidence conclusively established Pro–Tec's negligent supervision because "Pro–Tec adopted a policy that expressly authorized its security guards to enter a crime scene in order to investigate any disturbance at the businesses where the security guards patrolled," and because "Pro–Tec's policy authorized the security guards to enter the crime scene unaccompanied by a law enforcement official, a supervisor, the motel manager, or any other person and without calling the Houston Police Department first." Appellant reasons, "If Pro–Tec had required Medrano to enter the room in the presence of a law enforcement official, his supervisor, the motel manager, or any other person, Medrano either would not have entered the room or, at the very least, would not have been able to rape [appellant]."

Appellant's assertions that Pro–Tec's policies and procedures were inadequate are nothing more than conclusory allegations unsupported by any evidence. Appellant presented no evidence at trial to establish industry standards for policies and procedures or for supervision of licensed security personnel. Appellant has produced no evidence that the policies advocated by appellant are necessary or desirable, or that the failure to have such policies constitutes negligence.

To sustain a cause of action for negligence, it is necessary to show the existence of a duty of one party to another, a breach of that duty, and damages that were proximately caused by the breach of the duty. *El Chico Corp. v. Poole*, 732 S.W.2d 306, 311 (Tex.1987). Proximate cause consists of cause in fact and foreseeability. *Doe v. Boys Clubs of Greater Dallas, Inc.*, 907 S.W.2d 472, 477 (Tex.1995). The test for cause in fact is whether the negligent act or omission was a substantial factor in bringing about the injury, without which the harm would not have occurred. *Id.* Cause in fact is not shown if the defendant's negligence did no more than furnish a condition that made the injury possible. *Id.* The evidence must show that the defendant's negligence was a substantial factor and not a remote cause. *Id.*

In this case, Pro–Tec's policy permitting a security officer to investigate possible crime scenes and to enter guest rooms in case of a disturbance without first finding another person to accompany him did nothing more than furnish a condition that made appellant's injury possible. Appellant has produced no evidence tending to prove that such a policy was the cause in fact of her injuries.

Foreseeability, the second aspect of proximate cause, requires that a person of ordinary intelligence should have anticipated the danger created by a negligent act or omission. *Nixon v. Mr. Property Management Co.*, 690 S.W.2d 546, 549–50 (Tex.1985). The danger of injury is foreseeable if its "general character might reasonably have been anticipated." *Id.* at 551. Foreseeability requires more than someone, viewing the facts in retrospect, theorizing an extraordinary sequence of events whereby the defendant's conduct brings about the injury. *Continued Care, Inc. v. Fournet*, 979 S.W.2d 419, 422 (Tex. App.—Beaumont 1998, pet. denied).

Appellant argues that Pro–Tec admitted foreseeability through the testimony of its

president, Ledsinger, when he said it was possible that, if security guards entered motel rooms, it could cause problems, and that entering rooms where there are disturbances between men and women and entering crime scenes could cause liability problems for Pro–Tec.

We do not view Ledsinger's testimony as an admission that a guest's rape by a security guard is foreseeable if the guard is permitted to enter motel rooms where there may be a disturbance or where a crime may have been committed. Pro–Tec's "admission" does not necessarily relate to the potential commission of crimes by the security guard. Therefore, the testimony does not provide evidence that the general character of the act in question might reasonably have been anticipated. Ledsinger's testimony is neither evidence of foreseeability nor an admission establishing foreseeability.

There is no evidence to support this jury's finding of negligence because there is no evidence to establish either cause in fact or foreseeability. The trial court properly rendered judgment notwithstanding the verdict.

We affirm.