Opinion filed March 9, 2006












 
 
  
 
 







 
 
  
 
 




Opinion filed March 9, 2006

 

 

 

 

 

 

                                                                        In The

                                                                              

    Eleventh Court of Appeals

                                                                   __________

 

                                                          No. 11-05-00059-CV 

 

                                                    __________

 

                               COURTNEY RUTHERFORD, Appellant

 

                                                             V.

 

           THE
TRACES LOFT VILLAGE MANAGEMENT, INC., Appellee

 



 

                                          On
Appeal from the 11th District Court

 

                                                          Harris
County, Texas

 

                                               Trial
Court Cause No. 2003-69928

 



 

                                              M
E M O R A N D U M  O P I N I O N

 

Courtney Rutherford filed a negligence action
against The Traces Loft Village Management, Inc., the owner of her apartment
complex, for personal injuries she sustained while trying to trim a tree that
was striking the roof and window of her apartment.  The trial court granted the apartment complex=s motion for summary judgment.  We affirm.

                                                               Background
Facts








Rutherford was a resident at the Traces Loft
Village Apartments.  She complained to
management about a tree in the common area and asked them to trim the tree=s branches because the branches had
knocked a hole in her bedroom window and were striking her roof and making
noise during storms.  Rutherford reduced
her request to a written work order in March.

The parties dispute what happened next. Rutherford
contends that nothing happened.  She
claims that she called management several times and spoke to the office
manager, Rita.  Initially, Rita told her
that the tree would be trimmed and her window repaired.  Finally in July, Rita told her the complex
would not trim the tree.  Rutherford
contends Rita then told her that, if she did it herself and was not seen,
Rutherford would not get into any trouble. 
Traces Loft denies refusing to trim the tree and suggests the real issue
is Rutherford=s belief
that it took too long.  Rutherford
ultimately decided to trim the tree herself and, while doing so, fell out of
the tree and fractured her pelvis and tailbone. 

Rutherford filed suit and alleged that her
injuries were caused by Traces Loft=s
negligent failure to use ordinary care in maintaining the complex=s common area.  Traces Loft filed a traditional motion for
summary judgment and a separate no-evidence motion for summary judgment.  The trial court orally denied Traces Loft=s motions in a pretrial hearing, but no
written order was signed.  The trial
court reconsidered its ruling on the traditional motion prior to the start of
trial and signed an order granting that motion and dismissing Rutherford=s cause of action. 

                                                                         Issues

Rutherford challenges the trial court=s ruling with three issues.  Rutherford contends the trial court erred by:
(1) granting Traces Loft=s
motion based upon arguments and authorities not submitted to the trial court; (2)
determining that Traces Loft owed Rutherford no duty; and (3) determining that
Traces Loft had met its burden of proof. 
Traces Loft denies any error by the trial court and argues alternatively
that, even though the trial court did not specifically grant its no-evidence
motion, the final judgment can also be affirmed based upon the issues raised in
that motion. 

                                                              Standard
of Review








A summary judgment shall be rendered if the
evidence properly before the court indicates that Athere
is no genuine issue as to any material fact and the moving party is entitled to
judgment as a matter of law.@  Tex.
R. Civ. P. 166a(c). When a defendant files a traditional motion for summary
judgment, it must either conclusively negate at least one of the essential
elements of a plaintiff=s
cause of action or conclusively establish each element of an affirmative
defense.  Randall=s Food Mkts., Inc. v. Johnson, 891
S.W.2d 640, 644 (Tex. 1995).  If a
defendant negates an element of a plaintiff=s
claim, the burden shifts to the plaintiff who must produce evidence creating a
genuine issue of material fact on the disputed element.  Centeq Realty, Inc. v. Siegler, 899
S.W.2d 195, 197 (Tex. 1995).  The trial
court must assume that all evidence favorable to the nonmovant is true and must
view the evidence in the light most favorable to the nonmovant.  Specialty Retailers, Inc. v. DeMoranville,
933 S.W.2d 490, 491 (Tex. 1996).  The
trial court must also indulge every reasonable inference and resolve all doubts
in favor of the nonmovant.  Science
Spectrum, Inc. v. Martinez, 941 S.W.2d 910, 911 (Tex. 1997).  We review the trial court=s decision as a question of law and,
therefore, utilize a de novo review applying the same presumptions as are
applicable to the trial court.  Elson
Thermoplastics v. Dynamic Sys., Inc., 49 S.W.3d 891, 896 (Tex. App.CAustin 2001, no pet.). 

 Did
The Trial Court Correctly Grant Traces Loft=s
Traditional Motion For Summary Judgment?

Rutherford did not sue Traces Loft for premises
liability but for negligently failing to maintain the complex=s common area.  Traces Loft challenged the presence of a
general negligence duty, contending that any duty it might owe is defined by
Texas premises liability law.  Traces
Loft contended further that it owed Rutherford no duty to prevent her from
climbing or falling from a tree and that she was solely responsible for her own
injury.

The Texas Supreme Court explained the difference
between liability for negligent activity and liability for failing to remedy an
unreasonable risk of harm due to the condition of premises in Keetch v.
Kroger Co., 845 S.W.2d 262 (Tex. 1992). 
The court held that A[r]ecovery
on a negligent activity theory requires that the person have been injured by or
as a contemporaneous result of the activity itself rather than by a condition
created by the activity.@  Id. at 264.  Negligence in the former means simply doing
or failing to do what a person of ordinary prudence would have done in the same
or similar circumstances.  Timberwalk
Apartments, Partners, Inc. v. Cain, 972 S.W.2d 749, 753 (Tex. 1998).  Negligence in the latter means Afailure to use ordinary care to reduce
or eliminate an unreasonable risk of harm created by a premises condition which
the owner or occupier [of land] knows about or in the exercise of ordinary care
should know about.@  Id.








Traces Loft contends that the Supreme Court=s holding in Keetch limits any
duty it might owe to a premises defect theory. 
To the extent Traces Loft contends that the only cause of action a
tenant might ever have against it is for premises liability, we believe it
reads too much into that holding.  In an
appropriate case, an apartment owner could have a general negligence duty to
its tenants which extends beyond premises liability.  Whether Rutherford=s
suit presents such a case is a question of law. 
See Timberwalk Apartments, 972 S.W.2d at 756 (whether a duty
exists is a question of law).

A.  Did
The Trial Court Exceed Its Authority? 

In her first issue, Rutherford contends that the
trial court erred by granting summary judgment on arguments and authority not
presented to the trial court.  The thrust
of her complaint is that Traces Loft attempted to recast her negligence claim
as a premises liability claim and, therefore, did not controvert the only cause
of action pled.  A motion for summary
judgment is sufficient if it gives fair notice to the nonmovant of the basis on
which it is sought.  Waldmiller v.
Cont=l
Express, Inc., 74 S.W.3d 116, 123 (Tex. App.CTexarkana
2002, no pet.).  Traces Loft=s motion gave Rutherford and the trial
court sufficient notice that it contested the presence of any duty when it
contended it owed Rutherford no duty to prevent her from climbing or falling
from a tree.  The trial court had the
authority to determine if Traces Loft violated any duty.  Therefore, Rutherford=s
first issue is overruled.

B.  Did
Traces Loft Owe Rutherford A General Negligence Duty?

In her second issue, Rutherford contends the trial
court erred when it held Traces Loft had no duty.  To determine if Traces Loft violated a general
negligence duty as alleged by Rutherford, we must decide why Traces Loft was
required to trim the tree. See Southwestern Bell Tel. Co. v. DeLanney, 809
S.W.2d 493, 494 (Tex. 1991)(tort obligations are imposed by law while
contractual obligations result from an agreement between parties).  Rutherford contends Traces Loft had a general
duty to do so and, in this instance, committed five acts of negligence: (1)
failing to properly and timely maintain the property; (2) failing to trim the
tree after receiving actual notice of the defect; (3) advising Rutherford to
trim it herself; (4) failing to inform the property care company of the defect;
and (5) failing to timely request the property care company to remedy the
defect.








Three of Rutherford=s
allegations involve the presence of a Adefect.@ 
If Traces Loft was required to trim the tree because it otherwise
constituted a defect, then Rutherford=s
claim arises out of a condition of the property and, therefore, was for
premises liability.   The Supreme Court=s holding in Keetch, 845 S.W.2d
at 262, affords a tenant the opportunity to assert a negligence claim for a
negligent activity.  It does not,
however, allow a party to simply recast a premises liability action as a
general negligence claim.  To the extent
Rutherford alleged Traces Loft had a duty to trim the tree because it otherwise
constituted a defect, we find that the trial court appropriately granted the
motion for summary judgment.[1]

If Traces Loft was otherwise required to trim the
tree, it was because of the parties=
lease agreement.  Rutherford does not
contend Traces Loft had a general duty to the public but contends the duty
flowed from the parties=
relationship as landlord/tenant.  Rutherford
acknowledges that she was subject to a lease agreement and that the agreement
prohibited her from performing any repairs. 
She also acknowledges that it was Traces Loft=s
responsibility to trim the trees. 
Because the lease agreement imposed this duty on the complex, any breach
of that duty sounds in contract.  See
CBI NA-CON, Inc. v. UOP Inc., 961 S.W.2d 336, 340 (Tex. App.CHouston [1st Dist.] 1997, pet.
denied)(if a negligence claim alleges the breach of the very duties encompassed
in a contract, the action is in substance an action on the contract).  Consequently, we hold the trial court
correctly granted Traces Loft=s
motion for summary judgment to the extent Rutherford alleges it negligently
failed to trim the tree.

This leaves Rutherford=s
claim that Traces Loft negligently advised her to trim the tree herself.   Her evidence, however, does not establish a
negligent activity.  Rutherford contends
that Traces Loft has an extensive history of failing to maintain and/or take
care of repairs.  Rutherford contended
that she had a prior problem with a leaking bathtub and that, despite
completing a work-order request and making numerous follow-up contacts, it took
Traces Loft several months to fix the leak. 
When the leak was finally repaired, Traces Loft cut a hole in the
ceiling of her bathroom.  Despite several
requests, Traces Loft took several months to repair that hole.  She alleges that she originally reported the
tree problem to management and completed a work order in March, that she called
management several times to complain about the tree, that she was told the tree
would be trimmed, but that it never was. 
Eventually, Rita told her the complex did not trim trees on the
property.

Rutherford then testified:

Q.        After Rita told you that, did you contact anybody else about
the tree situation?

 

A.        She B
after she said that she wouldn=t
trim the tree, she told me if I did it myself, they didn=t
see that I had done it myself, that I would not get in trouble for that.








 

                                                                       *    *   
*

 

Q.        Did Rita give you any kind of saw or any other tools to trim
the tree?

 

A.        No.

 

Q.        Did anyone at Traces do that?

 

A.        No.

 

Q.        Did Rita tell you to specifically yourself go trim the tree?

 

A.        She said if I did it and she didn=t
see it, that I wouldn=t
get in trouble for it.

 

This testimony would support a claim for breach of contract and
would be a defense to any action Traces Loft might have asserted against
Rutherford, but it does not establish a negligent activity by the complex.  Rutherford=s
negligence claim cannot simply rest on the complex=s
failure to trim the tree or her decision to trim the tree herself because those
sound in contract.  Instead, Rutherford
must show that, for reasons above and beyond the contract, Traces Loft
negligently undertook or failed to take an action that resulted in her falling
from the tree.  This testimony is
insufficient to establish a separate negligent activity, and we have been
pointed to no other in the record. 
Accordingly, we find the trial court did not err when it granted Traces
Loft=s motion
for summary judgment on this ground, and Rutherford=s
second issue is overruled.

C.  Did
Rutherford Raise A Genuine Question Of Fact On Proximate Cause?

In her third issue, Rutherford contends the trial
court erred by not finding a genuine question of fact existed on whether Traces
Loft=s
negligence was the proximate cause of her injury.  Because we find Traces Loft had no general
negligence duty as a matter of law, its actions could not be the proximate
cause of her injuries.  Furthermore, the
evidence was insufficient to create a genuine question of fact.  Proximate cause consists of cause-in-fact and
foreseeability.  D. Houston, Inc. v.
Love, 92 S.W.3d 450, 454 (Tex. 2002). 









The test for cause-in-fact is whether the
negligent act or omission was a substantial factor in bringing about an injury,
without which the harm would not have occurred. 
Doe v. Boys Clubs of Greater Dallas, Inc., 907 S.W.2d 472, 477
(Tex. 1995).  This requires more than
furnishing a condition which made the injury possible.  See Castillo v. Gared, Inc., 1 S.W.3d
781, 786 (Tex. App.CHouston
[1st Dist.] 1999, pet. denied)(defendant=s
policy of allowing a security guard to enter guest rooms in case of a
disturbance without first finding another person to accompany him was not
cause-in-fact of plaintiff=s
injury because it did no more than furnish a condition making the injury
possible).

Rutherford contends the complex=s failure to trim the tree and Rita=s statement that, if she was not seen
trimming the tree she would not get into trouble, led her to attempt to trim
the tree herself.  This statement did no
more than furnish a condition which made Rutherford=s
injury possible.  Rutherford made the
decision to trim the tree and to proceed by herself even though her boyfriend
was in her apartment.  She used her own
equipment to climb and trim the tree.  At
the time of her fall, she was not touching the ladder but was hanging onto the
tree.  She was aware that this was at
least a little dangerous.

 Rutherford
offered no evidence that Traces Loft was aware that she was actually trying to
trim the tree or that it knew how she intended to do so.  Rutherford offered no evidence that Traces
Loft had any input on the means and method she utilized or, in any other way,
exercised any control over her actions. 
This is insufficient to establish a genuine issue of fact on proximate
cause.  Rutherford=s
third issue is overruled.

                                                                     Conclusion

The trial court correctly granted Traces Loft=s traditional motion for summary
judgment.  In light of this holding, it
is unnecessary for us to consider Traces Loft=s
no-evidence motion for summary judgment. 
The judgment of the trial court is affirmed.

 

 

RICK
STRANGE

JUSTICE

 

March 9, 2006

Panel consists of: Wright, C.J.,
and

McCall, J., and Strange, J.











     [1]Moreover,
the tree was not a defect.  This court
has defined defect as a shortcoming, an imperfection, or the want of something
necessary for completeness. Laman v. Big Spring State Hosp., 970 S.W.2d
670, 672 (Tex. App.CEastland 1998, pet. denied).  Simply because the tree=s branches may have needed trimming is insufficient to
constitute a defect.