Opinion issued September 20, 2007









 

 


 





In The

Court of Appeals

For The

First District of Texas






NO. 01-03-00917-CV






PEGGY MOORE, Appellant


V.


COOPER AQRAWI, INDIVIDUALLY, AND FAROUQ AQRAWI 

D/B/A MANHATTAN LIMOUSINES OF HOUSTON, L.L.C., Appellees






On Appeal from the 270th District Court

Harris County, Texas

Trial Court Cause No. 2001-58765






MEMORANDUM OPINION


 Appellant, Peggy Moore, sued appellee, Cooper Aqrawi ("Cooper"), for assault
and battery, seeking to hold Cooper's employer, appellee Farouq Aqrawi d/b/a
Manhattan Limousines of Houston, L.L.C. ("Manhattan"), vicariously liable on these
claims. In addition, Moore brought claims against Manhattan for "negligent hiring,
training, supervision, and retention" of Cooper. Appellees (collectively, "Aqrawi")
filed a motion for no-evidence summary judgment, which the trial court granted.

 On appeal, Moore presents six issues. In what we construe as her first through
fifth issues, Moore contends that the trial court erred by granting summary judgment
in favor of Aqrawi because (1) Aqrawi filed its motion for summary judgment before
an adequate time for discovery had elapsed; (2) Aqrawi failed to give Moore the
requisite notice of the summary judgment hearing; (3) the trial court erroneously
refused to consider Moore's response to the motion for summary judgment; (4)
Aqrawi failed in its motion for summary judgment to properly challenge Moore's
claims; and (5) a genuine issue of material fact precluded summary judgment. In
what we construe as her sixth issue, Moore contends that the trial court erred by
denying her post-judgment motions.

 We reverse and remand.

BACKGROUND

 At the time of the events, Moore was employed by the University of Texas
Police Department ("UTPD") as a non-commissioned security officer. On February
20, 2000, Moore was on duty, directing traffic at M.D. Anderson Cancer Center,
when she noticed a limousine parked in a driveway that was blocking traffic. 

 Moore, who was in uniform, approached the driver, Cooper Aqrawi of
Manhattan Limousines of Houston, L.L.C., as he was getting out of the limousine. 
Moore instructed Cooper to move the limousine and warned that if he refused, the
limousine would be subject to being ticketed and towed. Cooper became angry and 
moved closer to Moore, allegedly threatening to "kick her ass" if she touched the car. 
Moore raised her radio to call for assistance and Cooper yelled, "Don't touch me
b----" as he struck Moore's right hand, causing her to drop the radio. Additional
UTPD officers arrived, and Cooper was arrested. Cooper subsequently pleaded no
contest to misdemeanor assault.

 Moore alleges that, after the incident, her hand began to swell where Cooper 
had hit her. Moore was examined at M.D. Anderson Hospital, Hermann Hospital, and
by Dr. Gerald T. Gabel. Moore was placed on restricted duty at work, wore a wrist
splint for a month, and suffered pain for which she took medication. 

 On November 15, 2001, Moore sued Cooper for "severe damage in her lifetime
occupation, extreme physical and mental pain, anguish, endured shame,
embarrassment, and humiliation," and alleged that Manhattan was vicariously liable.
In addition, Moore brought direct claims against Manhattan for negligent supervision
of Cooper. Moore sought $500,000 in actual damages and $500,000 in exemplary
damages. On August 16, 2002, after Aqrawi failed to appear and answer, the trial
court rendered a default judgment against Aqrawi. Moore was awarded $35,000 in
actual damages and $15,000 in exemplary damages. On September 12, 2002, the trial
court granted Aqrawi's motion for new trial on the basis of mistake.

 On March 13, 2003, in an amended petition, Moore stated claims against
Aqrawi for "assault and battery," for which Moore sought to hold Manhattan
vicariously liable. In addition, Moore stated claims directly against Manhattan for
"negligent hiring, supervision, training, and retention" of Aqrawi. Moore again
sought $500,000 in actual damages and $500,000 in exemplary damages.

 On May 22, 2003, Aqrawi filed a motion for a no-evidence summary judgment,
pursuant to Rule of Civil Procedure 166a(i), as to Moore's claims. Aqrawi alleged
that adequate time for discovery had passed, in that two years had elapsed between
the time of suit and the motion for summary judgment, and that Moore had failed to
show any evidence of damages. In its motion, Aqrawi requested a hearing.

 On June 23, 2003, Moore filed a response to the motion for summary judgment,
contending that "there is enough evidence to raise a genuine issue of material fact as
to . . . damages" and that such "damages can be shown by the medical records,
medical bills, and examination by the physician substantiating [Moore's] damages."

As evidentiary support, Moore appended medical reports, medical bills, and her 
affidavit. 

 On June 27, 2003, Moore and Aqrawi appeared at a hearing held on Aqrawi's
motion for summary judgment. On July 3, 2003, the trial court granted the summary
judgment and dismissed Moore's claims with prejudice. 

 A month later, on July 29, 2003, Moore filed a "Motion to Reset Hearing on
Defendant[s'] Motion for Summary Judgment and in the alternative Plaintiff's Motion
to File Plaintiff's Response to Defendant's Motion for Summary Judgment and
Motion for Reconsideration," which was overruled by operation of law. This appeal
ensued.

No-Evidence Summary JudgmentA. Standard of Review

 After an adequate time for discovery, the party without the burden of proof may
move for summary judgment, with or without presenting evidence, on the basis that
there is no evidence to support an essential element of the non-moving party's claim. 
Tex. R. Civ. P. 166a(i); Johnson v. Brewer & Pritchard, P.C., 73 S.W.3d 193, 207
(Tex. 2002). First, the movant must specifically state the element as to which there
is no evidence. Tex. R. Civ. P. 166a(i). The burden then shifts to the non-movant to
produce evidence that raises a fact issue on the challenged element. See Johnson, 73
S.W.3d at 207. If the non-movant brings forward more than a scintilla of probative
evidence to raise a genuine issue of material fact, then summary judgment is not
proper. Forbes, Inc. v. Granada Biosciences Inc., 124 S.W.3d 167, 172 (Tex. 2003);
Flameout Design & Fabrication, Inc. v. Pennzoil Caspian Corp., 994 S.W.2d 830,
834 (Tex. App.--Houston [1st Dist.] 1999, no pet.). When determining if more than
a scintilla of evidence has been produced, the evidence must be viewed in the light
most favorable to the non-movant. Ford Motor Co. v. Ridgway, 135 S.W.3d 598, 601
(Tex. 2004). More than a scintilla exists when the evidence "rises to a level that
would enable reasonable and fair-minded people to differ in their conclusions." Id.
On the other hand, "[w]hen the evidence offered to prove a vital fact is so weak as to
do no more than create a mere surmise or suspicion of its existence, the evidence is
no more than a scintilla and, in legal effect, is no evidence." Id.

 When, as here, a trial court does not state the basis for its decision in its
summary judgment order, we must uphold the order if any of the theories advanced
are meritorious. State Farm Fire & Cas. Co. v. S.S., 858 S.W.2d 374, 380 (Tex.
1993). 

B. Aqrawi's Motion for Summary Judgment

 In what we construe as her fourth issue, as briefed, Moore contends that the
trial court erred by granting a "no evidence" summary judgment in favor of Aqrawi
because Aqrawi's motion for summary judgment did not adequately meet the
requirements of rule 166a(i) in that the motion "was conclusory or general in nature 
and did not adequately present an evidentiary challenge to any particular element of
Moore's cause of action." 

 Moore asserted claims against Cooper for "assault and battery" (1) and against
Manhattan for "negligent hiring, training, supervision, and retention." In its motion
for summary judgment, Aqrawi argued that: "In this case there is no showing of
damages." We consider whether Aqrawi has sufficiently challenged an essential
element of Moore's claims.

 1. Assault

 To prevail on a claim of assault, Moore is required to show that Cooper: (1)
intentionally, knowingly, or recklessly caused bodily injury to Moore; (2)
intentionally or knowingly threatened Moore with imminent bodily injury; or (3)
intentionally or knowingly caused physical contact with Moore when Cooper knew
or should reasonably have believed that Moore would regard the contact as offensive
or provocative. See Tex. Pen. Code Ann. § 22.01(a) (Vernon Supp. 2006) (elements
are same in civil and criminal context); Morgan v. City of Alvin, 175 S.W.3d 408, 418
(Tex. App.--Houston [1st Dist.] 2004, no pet.). Moore also asserted that Manhattan
was vicariously liable on the assault claim.

 The record shows that Aqrawi moved for summary judgment based solely upon
an alleged absence of evidence of the essential element of damages. A showing of
injury or damage, however, is not essential for Moore to prevail on her assault claim. 
Here, prong (3) or assault by offensive contact, finds support in the record because
Moore alleges that Cooper slapped her hand knowing that Moore would regard the
slap as offensive. Cooper contends that he merely contacted the telephone in Moore's
hand. Such conduct could, nevertheless, constitute an assault under subsection (3)
of section 22.01. Fisher v. Carrousel Motor Hotel, Inc., 424 S.W.2d 627, 629 (Tex.
1967) (recognizing that intentional snatching of object from one's hand is as
offensive invasion of person as would result from actual contact with body). Actual
injury or damages is not an element of assault by offensive contact. See Tex. Pen.
Code Ann. § 22.01(a)(3); WalMart Stores, Inc. v. Odem, 929 S.W.2d 513, 528 (Tex.
App.--San Antonio 1996, writ denied) (recognizing that plaintiff may recover for
mental suffering apart from actual physical injury). Hence, because Aqrawi moved
for summary judgment based only on the alleged absence of evidence of damages,
and actual injury or damage is not an element of an assault by offensive contact,
Aqrawi failed to challenge an essential element of the assault claim, and therefore
summary judgment as to Moore's assault claim was improper. 

 Hence, Moore's fourth issue is sustained as to her assault claim. 

 2. Negligent hiring, negligent supervision, and negligent retention

 In addition to her assault claim, Moore asserted claims against Manhattan for
"negligent hiring, training, supervision, and retention." Negligent hiring, retention,
and supervision claims are all simple negligence causes of action based on an
employer's direct negligence rather than on vicarious liability. Castillo v. Gared, Inc.,
1 S.W.3d 781, 786 (Tex. App.--Houston [1st Dist.] 1999, pet. denied); Verinakis v.
Med. Profiles, Inc., 987 S.W.2d 90, 97 (Tex. App.--Houston [14th Dist.] 1998, pet.
denied). The elements of a negligence action are a duty, a breach of that duty, and
damages proximately caused by the breach. Greater Houston Transp. Co. v. Phillips,
801 S.W.2d 523, 525 (Tex. 1990); Castillo, 1 S.W.3d at 786; see also Morris v. JTM
Materials, Inc., 78 S.W.3d 28, 49 (Tex. App.--Fort Worth 2002, no pet.) (explaining
that employer owes duty to other employees and general public to ascertain
qualifications and competence of employees it hires, and employer is liable if its
negligence in hiring or retaining unfit employee proximately causes plaintiff's
injuries).

 Hence, a showing of damages is a required element of Moore's negligence
claims. In its motion for summary judgment, Aqrawi challenged the evidence as to
the essential element of damages. 

 Accordingly, Moore's fourth issue is overruled as to her negligence claims. 

C. Moore's Response

 In her third issue, Moore contends that the trial court erred by refusing to
consider her response to Aqrawi's motion for "no evidence" summary judgment. 
Specifically, Moore frames her issue as "[a]ssuming arguendo" that the trial court
considered her response to be untimely and states that "[p]resumably" the trial court
"believed that Moore's response was filed late."

 Texas Rule of Civil Procedure 166a(c) provides as follows in pertinent part:

 Except on leave of court, the adverse party, not later than seven days
prior to the day of hearing may file and serve opposing affidavits or
other written response.


Tex. R. Civ. P. 166a(c); see also Speck v. First Evangelical Lutheran Church of
Houston, 01-06-00638-CV, 2007 WL 1599177, at *2 (Tex. App.--Houston [1st
Dist.] May 31, 2007, no pet.) (applying seven-day period stated at Rule 166a(c) to
Rule 166a(i) context). If a response is untimely filed and nothing appears in the
record to indicate that the trial court granted leave to file a late response to a motion
for summary judgment, we presume that the trial court did not consider the response.
Benchmark Bank v. Crowder, 919 S.W.2d 657, 663 (Tex. 1996); INA of Tex. v.
Bryant, 686 S.W.2d 614, 615 (Tex. 1985).

 Here, Aqrawi filed its motion for summary judgment on May 22, 2003. The
record shows that Moore filed her response to the motion for summary judgment on
June 19, 2003. It is undisputed that, on June 27, 2003, Moore appeared at the
summary judgment hearing and argued the merits of her response. 

 We conclude that Moore's June 19, 2003 response was timely because it was
filed seven days prior to the June 27, 2003 summary judgment hearing. See Tex. R.
Civ. P. 4 ("In computing any period of time prescribed or allowed by these rules, . . .
the day of the act, event, or default after which the designated period of time begins
to run is not to be included. The last day of the period so computed is to be
included."); Tex. R. Civ. P. 166a(c) (requiring response not later than seven days
prior to date of hearing); Geiselman v. Cramer Fin. Group, Inc., 965 S.W.2d 532, 535
(Tex. App.--Houston [14th Dist.] 1997, no writ) (noting that October 31 was last
date to file response before November 7 summary judgment hearing). Moore has not
directed us to any place in the record that indicates that the trial court struck or
refused to consider Moore's timely response. 

 Accordingly, Moore's third issue is overruled.

D. Genuine Issue of Material Fact

 In what we construe as her fifth issue, Moore contends that the trial court erred
by granting a "no evidence" summary judgment in favor of Aqrawi because a genuine
issue of material fact precluded summary judgment. 

 We have determined that summary judgment as to Moore's assault claim was
improper. As to Moore's negligence claims, once Aqrawi contended that there was
no evidence as to the essential element of damages, Moore had the burden to bring 
forward more than a scintilla of probative evidence to raise a genuine issue of
material fact. See Johnson, 73 S.W.3d at 207. If Moore brought forward more than
a scintilla of probative evidence to raise a genuine issue of material fact as to the
damages element, then summary judgment was not proper. Forbes, 124 S.W.3d at
172; Flameout Design & Fabrication, Inc., 994 S.W.2d at 834. 

 Here, Moore appended her affidavit, medical reports, and medical bills to her
response as evidentiary support. In her amended affidavit, dated June 5, 2003, Moore
attested that Cooper caused injury to her right hand that "resulted in excruciating
pain, that persist[s] until this day, up and down [her] right hand." Moore attested that
she missed 26 days of work, from February 21, 2000 to March 17, 2000, at $9.65 per
hour, totaling $2,258.16; that she served 27 days on restricted duty, from March 17,
2000 to April 14, 2000; that she incurred medical bills of $1,950; that she attended
therapy three times per week for 60 days, from March 17, 2000 to May 17, 2000, and
sought reimbursement of her co-pays, totaling $600; and that she suffered pain.

 Moore's medical reports show that, on February 23, 2000, Moore was
examined at M.D. Anderson Cancer Center. The report indicates that "[e]xamination
of the right hand demonstrates intact soft tissues and . . . [n]o fracture." On March
23, 2000, Dr. Gabel, orthopedic surgeon, reported that Moore had full range of
motion in her fingers, "no local tenderness," and that radiographs of the wrist and
lower arm were negative, except for an old chip fracture. On July 12, 2002 and again
on July 17, 2002, exams at Hermann Hospital revealed "no evidence for acute injury
. . . no soft tissue swelling . . . [and] no evidence for acute fracture or dislocation." 
As Aqrawi contends, these medical reports do not appear to establish a measurable
physical injury to Moore's hand.

 However, Moore also attached evidence of a prescription from Dr. Gabel for
Vioxx; worker's compensation payments to rehabilitation centers; written directives
from Moore's physicians restricting Moore's work duties; a written "Modified Duty
Job Offer" from Moore's employer, which Moore accepted in writing; and medical
bills totaling $1,950.25.

 To defeat Aqrawi's motion for no-evidence summary judgment, Moore is not
required to marshal her evidence; rather, Moore need only point out evidence that
raises a fact issue on the challenged element of damages. See Tex. R. Civ. P. 166a(i)
cmt. Here, viewing the evidence in a light most favorable to Moore, we conclude that
this evidence at least "rises to a level that would enable reasonable and fair-minded
people to differ in their conclusions," and hence Moore has presented more than a
scintilla of evidence. See Ford Motor Co., 135 S.W.3d at 601. Because Moore
brought forward more than a scintilla of probative evidence that raises a genuine issue
of material fact as to whether she suffered damages, we conclude that summary
judgment was not proper. See Flameout Design & Fabrication, 994 S.W.2d at 834. 

 Accordingly, Moore's fifth issue is sustained as to her negligence claims.

CONCLUSION


 Having determined that the trial court erred in granting summary judgment
because, as to Moore's assault claim, Aqrawi failed to challenge an essential element
of the claim, and, as to Moore's negligence claims, Moore met her burden to present
more than a scintilla of evidence of damages, we need not consider appellant's
remaining issues on appeal. We reverse the trial court's judgment and remand for
further proceedings.

 




 


 Laura Carter Higley 

 Justice



Panel consists of Justices Taft, Hanks, and Higley.
1.