Harry SIMMONS, Appellant,

v.

BRIGGS EQUIPMENT
TRUST, Appellee.

No. 01–05–00837–CV.

Court of Appeals of Texas,
Houston (1st Dist.).

June 29, 2006.

Eric Vincent Blanchard, Eric V. Blanchard, J. Ronald Vercher, Houston, TX, for Appellant.

George P. Pappas, McFall, Sherwood & Sheehy, P.C., Richard A. Sheehy, Sheehy, Serpe & Ware, Houston, TX, for Appellee.

Panel consists of Justices JENNINGS, ALCALA, and PRICE.*

## OPINION

TERRY JENNINGS, Justice.

Appellant, Harry Simmons, challenges the trial court's rendition of summary judgment in favor of appellee, Briggs Equipment Trust ("Briggs"), in Simmons's suit against Briggs for negligence in the maintenance and repair of a rail-car mover. In his sole issue, Simmons contends that the trial court erred in granting Briggs's no-evidence summary judgment motion. We affirm.

---

* The Honorable Frank C. Price, former Justice, Court of Appeals, First District of Texas at Houston, participating by assignment.

1. Although Briggs sold the TrackMobile to PolyOne on February 28, 2001, and entered the maintenance agreement in June 2001, in-

### Factual and Procedural Background

In his first amended petition, Simmons alleged that on August 2, 2003, he was using a Trackmobile 95TM Mobile Rail-Car Mover ("TrackMobile") to move railroad cars at his employer's work site when a fire started in the TrackMobile's engine compartment. The fire spread, blocking the front and back doors of the TrackMobile, forcing Simmons to evacuate the operator's compartment by "launch[ing] himself out of the window." Simmons fell several feet to the rock and sand surface below, "sustain[ing] a back injury which required surgery in addition to other injuries."

Prior to this incident, Briggs had entered into an agreement with Simmons's employer, PolyOne Corp., d/b/a Southwest Chemical ("PolyOne"), to provide maintenance and repair services for the TrackMobile every 90 days, effective September 13, 2001. A handwritten notice on an invoice, dated August 23, 2002, modified the agreement so that the maintenance would be done every 60 days. The record contains several work orders dated as early as August 11, 2000,[1] evidencing maintenance and repair work by Briggs on the TrackMobile.

In regard to Simmons's allegations that a failure of the TrackMobile's hydraulic system and hoses caused the fire, a Briggs work order, dated February 21, 2001, indicates that Briggs invoiced new hose assemblies and repaired the TrackMobile's hydraulic hoses. Another Briggs work order, dated June 3, 2002, shows that Briggs replaced the hydraulic pump and drained, refilled, and reset the system after the

voices in the record show that PolyOne had rented the TrackMobile from Briggs and Briggs had provided maintenance and repair services on the TrackMobile beginning as early as August 2000.

discovery of a leak that had flooded the TrackMobile's transmission.

In the months before the fire, a March 2003 invoice reflects that Briggs inspected the TrackMobile, removed and replaced the fuel filters, bled the fuel system, and installed a new boot on one of the front motor mounts. The last Briggs work order for the TrackMobile included in the record, dated June 2, 2003, approximately two months before the fire, shows that Briggs performed maintenance on the TrackMobile, but does not indicate whether, at that time, the TrackMobile's hydraulic system or hoses were examined for wear or stability.

The record also contains PolyOne's Seabrook Plant's August 4, 2003 report of its investigation of the fire. The report states that the TrackMobile fire caused "considerable damage to the engine compartment and operator's compartment." The report also explains that "the Fire Chief checked the damaged [TrackMobile] and noticed a broken hydraulic hose on the engine." The report concludes that "[t]he apparent cause of the fire was a ruptured hydraulic hose, spewing hydraulic fluid onto the exhaust manifold and subsequently igniting."

Simmons asserted a negligence cause of action against Briggs, alleging that Briggs was responsible for maintenance and service of the TrackMobile, including the hydraulic system, and that the fire was caused because Briggs had "negligently maintained and serviced the said TrackMobile machine."[2] Briggs entered a general denial and filed a no-evidence summary judgment motion, asserting that there was no evidence that it owed Simmons a legal duty, that it breached any duty to maintain and/or service the Track-

Mobile, or that any breach proximately caused Simmons's injury.

In his response to Briggs's summary judgment motion, Simmons attached documents evidencing Briggs's agreement to perform "lubrication and operational maintenance inspection," various invoices from Briggs reflecting repairs and service to the TrackMobile, the Seabrook Plant report, a worker's compensation field investigator's report, medical records, and an affidavit from Simmons. Simmons asserted that Briggs had failed to uphold its duty to exercise reasonable care in performing maintenance and repairs and, as a result, Simmons was injured. Simmons's affidavit states, "I suffered a herniated disc in my lower back when I jumped from a burning TrackMobile vehicle" and that "[a] reasonable conclusion is that Briggs Equipment failed to properly maintain or replace the hydraulic hose, causing it to burst."

In its subsequent response, Briggs objected to Simmons's summary judgment evidence, asserting that it consisted of inadmissible hearsay and conclusory statements, and that the opinions regarding the cause of the fire did not meet the requirements of the Texas Rules of Evidence for expert testimony. *See* TEX.R. EVID. 702, 705 (Vernon 2003). On August 5, 2005, the trial court, without specifying the grounds upon which it was relying, signed an order granting Briggs's no-evidence summary judgment motion.

### Standard of Review

 To prevail on a no-evidence summary judgment motion, a movant must allege that there is no evidence of an es-

---

**2.** Simmons also sued TrackMobile Inc., the manufacturer of the TrackMobile, alleging that the rail-car mover had unreasonably dangerous manufacturing and marketing defects. On July 12, 2005, Simmons nonsuited his causes of action against TrackMobile Inc., and the trial court signed an order to that effect.

sential element of the adverse party's cause of action or affirmative defense. Tex.R. Civ. P. 166a(i); *Fort Worth Osteopathic Hosp., Inc. v. Reese*, 148 S.W.3d 94, 99 (Tex.2004); *Flameout Design & Fabrication, Inc. v. Pennzoil Caspian Corp.*, 994 S.W.2d 830, 834 (Tex.App.-Houston [1st Dist.] 1999, no pet.). We review a no-evidence summary judgment under the same legal sufficiency standard used to review a directed verdict. *Gen. Mills Rests., Inc. v. Tex. Wings, Inc.*, 12 S.W.3d 827, 832–33 (Tex.App.-Dallas 2000, no pet.). Although the non-moving party is not required to marshal its proof, it must present evidence that raises a genuine issue of material fact on each of the challenged elements. Tex.R. Civ. P. 166a(i); *Ford Motor Co. v. Ridgway*, 135 S.W.3d 598, 600 (Tex.2004). A no-evidence summary judgment motion may not properly be granted if the non-movant brings forth more than a scintilla of evidence to raise a genuine issue of material fact on the challenged elements. *Ridgway*, 135 S.W.3d at 600. More than a scintilla of evidence exists when the evidence "rises to a level that would enable reasonable and fair-minded people to differ in their conclusions." *Merrell Dow Pharms., Inc. v. Havner*, 953 S.W.2d 706, 711 (Tex.1997).

■ When reviewing a no-evidence summary judgment motion, we assume that all evidence favorable to the non-movant is true and indulge every reasonable inference and resolve all doubts in favor of the non-movant. *Spradlin v. State*, 100 S.W.3d 372, 377 (Tex.App.-Houston [1st Dist.] 2002, no pet.). Because the trial court's order granting Briggs's no-evidence summary judgment motion does not specify the grounds upon which the trial court relied, we must affirm the summary judgment if any of the grounds in the summary judgment motion are meritorious. *FM Props. Operating Co. v. City of Austin*, 22 S.W.3d 868, 872–73 (Tex.2000).

## Breach of Duty

■ In his sole issue, Simmons argues that the trial court erred in granting Briggs's no-evidence summary judgment motion because the summary judgment evidence filed by Simmons raised genuine issues of material fact on each of the elements. A common-law negligence cause of action has three elements: (1) a legal duty; (2) breach of that duty; and (3) damages proximately resulting from the breach. *Van Horn v. Chambers*, 970 S.W.2d 542, 544 (Tex.1998). We address whether Simmons's summary judgment evidence sufficiently raised a fact issue on the element of breach of a legal duty because it is dispositive of the appeal.

Simmons argues that Briggs breached its legal duty because "Briggs failed to inspect and/or repair any hoses in the [TrackMobile] prior to this incident, resulting in [Simmons's] injuries."

In his response to Briggs's no-evidence summary judgment motion and in his briefing before this Court, Simmons references (1) the February 2001 work order showing that the hoses on the TrackMobile had been repaired, (2) the June 2, 2002 work order which reveals that the hydraulic system was inspected and repaired, and (3) the June 2003 work order documenting other maintenance and repairs that were performed on the TrackMobile. Simmons asserts that the February 2001 work order "is the only work order provided to Simmons in discovery containing itemized notes showing that new hose assemblies had been invoiced for the TrackMobile." Moreover, Simmons asserts that "the last time the hydraulic system was inspected and repaired was on May 2002." Simmons also notes that the last work order before the accident, dated June 2003, did not

indicate whether the hydraulic system or hoses had been checked and/or repaired. Simmons asserts that this evidence showed that it had been over two years since the hoses had been replaced and that "Briggs failed to properly repair or even inspect the hydraulic hoses that caused the fire for over a year prior to the incident." Thus, Simmons argues that he brought forth sufficient evidence to raise a fact issue as to whether Briggs breached its duty to properly maintain the TrackMobile for the safety of its operators, including Simmons.

Briggs counters that the trial court properly granted summary judgment because Simmons has presented no expert evidence or testimony in response to its no-evidence motion for summary judgment. Briggs argues that expert testimony is required to establish the cause and origin of the fire because "cause and origin of a fire is a technical area in which only the opinions of qualified experts have value as probative evidence." *See Cruz v. Furniture Technicians of Houston, Inc.*, 949 S.W.2d 34, 35 (Tex.App.-San Antonio 1997, pet. denied). Moreover, Briggs asserts that, even assuming that the fire originated or was caused by the hydraulic system, in order to show the breach of duty element necessary to Simmons's negligence cause of action, "settled law requires [Simmons] to present expert evidence to establish the standard of care for inspection and maintenance of the hydraulic hoses on the TrackMobile." Briggs asserts that a lay person would not be familiar with the technical issues involved in such a determination, i.e., the condition of a TrackMobile hydraulic pump that would require replacement, or the life expectancy of hoses or other internal parts of the TrackMobile. Therefore, Briggs argues that Simmons had the burden to present evidence from a person experienced in the industry about the inspection process for this equipment. Briggs argues that the mere fact that it

had an agreement to perform operational maintenance on the TrackMobile does not establish that it breached a legal duty because Simmons presented no evidence that established the standard of care for the proper inspection, maintenance, or frequency of the replacement of the hydraulic pump or hoses on the TrackMobile.

■ The determination of whether expert testimony is necessary to establish negligence is a question of law, which we review de novo. *FFE Transp. Servs., Inc. v. Fulgham*, 154 S.W.3d 84, 89 (Tex.2004). "Expert testimony is necessary when the alleged negligence is of such a nature as not to be within the experience of the layman." *Roark v. Allen*, 633 S.W.2d 804, 809 (Tex.1982). We consider whether the conduct at issue involves the use of specialized equipment and techniques unfamiliar to the ordinary person. *Fulgham*, 154 S.W.3d at 91. In such a case, the expert testimony must establish both the standard of care and the violation of that standard. *Hager v. Romines*, 913 S.W.2d 733, 734–35 (Tex.App.-Fort Worth 1995, no writ).

■ Here, the record reveals that the maintenance and service of a TrackMobile vehicle involves specialized equipment and techniques unfamiliar to a lay person. Few people not involved in the rail-car industry are familiar with rail-car movers, the functioning of their engines and other internal parts, or the frequency and type of inspection and maintenance they require. *Cf. Turbines, Inc. v. Dardis*, 1 S.W.3d 726, 738 (Tex.App.-Amarillo 1999, pet. denied) (holding that inspection and repair of aircraft engine are not within experience of layman). A maintenance company's practices and procedures and industry standards with respect to the inspection and maintenance of a TrackMobile or other rail-car mover engine are not

matters within a lay person's general knowledge. Accordingly, we hold that Simmons needed expert testimony regarding the appropriate standard of care and whether Briggs's conduct met that standard. *See Fulgham*, 154 S.W.3d at 91.

The record contains no evidence establishing the condition of the allegedly broken hydraulic hose before the incident or whether a condition, if any, of the hydraulic hose should have been detected or repaired by Briggs prior to the fire as part of its obligation to provide "operational maintenance." The mere occurrence of a fire does not give rise to a presumption of negligence. *Wichita City Lines, Inc. v. Puckett*, 156 Tex. 456, 295 S.W.2d 894, 897 (1956). In a case alleging negligence in connection with a fire, causation may not be presumed; a plaintiff must offer some evidence of what the defendant actually did or failed to do to cause the fire, as opposed to mere conjecture about what might have happened, to survive a challenge to the sufficiency of the evidence. *Doyle Wilson Homebuilder, Inc. v. Pickens*, 996 S.W.2d 387, 396 (Tex.App.-Austin 1999, pet. dism'd by agr.). Here, Simmons asserts that the hydraulic system and hoses had not been inspected in over a year. However, even if this assertion were true, there is no evidence in the record indicating how often a reasonable maintenance person should inspect or replace these components. The mere fact that there was a ruptured hydraulic hose in a rail-car mover in which Briggs had an ongoing obligation to perform operational maintenance creates only a "mere surmise or suspicion" that Briggs negligently performed its duties.

Moreover, even assuming that an ordinary person would be able to detect whether a hydraulic hose is loose or worn, determining when that looseness or wear is sufficient to create a dangerous condition would require specialized knowledge. *See Fulgham*, 154 S.W.3d at 91 ("While the ordinary person may be able to detect whether a visible bolt is loose or rusty, determining when that looseness or rust is sufficient to create a danger requires specialized knowledge."). Without expert evidence or testimony, there was no evidence that Briggs violated the standard of care for the inspection and maintenance of the engine, hydraulic pump, or other internal parts of a TrackMobile or similar rail-car mover. There is no factual or evidentiary support in the record concerning the precise cause of the broken hose, its condition at the time of Briggs's inspection, any difference a proper inspection would have revealed, or the actions that a reasonable maintenance company would have taken with respect to the hydraulic pump and hose. Therefore, we conclude that Simmons did not present more than a scintilla of evidence to support a finding that Briggs breached its duty.

Because Simmons did not provide probative expert testimony regarding the appropriate standard of care, we hold that Simmons did not raise a fact issue as to the breach of duty element necessary to support his negligence claim. Accordingly, we further hold that the trial court did not err in granting Briggs's no-evidence summary judgment motion.

We overrule Simmons's sole issue.

## Conclusion

We affirm the judgment of the trial court.