Miguel ALEMAN, Appellant,

v.

BEN E. KEITH COMPANY, Appellee.

No. 01-06-00345-CV.

Court of Appeals of Texas, Houston (1st Dist.).

April 5, 2007.

Paul Aram Pilibosian, Robert Alan York, Godwin Pappas Langley Ronquillo, LLP, Houston, TX, for Appellant.

Juan Carlos Garcia Sr., Stacy L. Kelly, Thompson & Knight LLP, Houston, TX, for Appellee.

Panel consists of Chief Justice RADACK and Justices JENNINGS and BLAND.

## OPINION

JANE BLAND, Justice.

In this nonsubscriber slip and fall case, Miguel Aleman appeals a no-evidence summary judgment entered in favor of appellee, the Ben E. Keith Company (Keith). In one issue, Aleman contends the trial court erred in granting Keith's no-evidence motion for summary judgment because he produced evidence sufficient to raise a genuine issue of material fact with regard to the breach of duty and proximate cause elements of his negligence claims. We conclude that Aleman's response to Keith's no-evidence motion for summary judgment satisfies the requirements of Texas Rule of Civil Procedure 166a(i), but Aleman failed to produce sufficient evidence to raise a genuine issue of material fact on his negligence claims. We therefore affirm.

## Background

Keith is a distributor of food service products for restaurants and other businesses. Aleman drove a truck for Keith and unloaded and delivered merchandise to Keith's customers. In April 2003, Aleman was delivering merchandise to a Luby's restaurant. The floor of Aleman's trailer was wet because the refrigeration unit inside the trailer leaked water. While unloading merchandise from his trailer with a dolly, Aleman slipped on the ramp leading from the trailer to the ground because his feet were wet from the water on the floor of his trailer. Aleman released the dolly during the fall. The dolly fell on his leg and broke it. Aleman sued Keith, alleging that Keith was negligent in (1) failing to properly maintain its equipment, (2) failing to adequately instruct and/or train its employees on the use of its equipment and safety procedures, (3) loading and/or unloading products, and (4) failing to warn employees of a hazardous condition. Keith moved for summary judgment on the grounds that Aleman had produced no evidence that Keith breached any duty, or that any such breach proximately caused Aleman's injury. Keith did not challenge the element of duty. Aleman filed a response, producing evidence from deposition transcripts. Keith replied, asserting that the response was inadequate according to *Brewer & Pritchard, P.C. v. Johnson* because it failed to "connect any of the facts to the challenged elements of the causes of action." 7 S.W.3d 862, 869 (Tex.App.-Houston [1st Dist.] 1999), *aff'd on other grounds*, 73 S.W.3d 193, 211 (Tex.2002). The trial court granted Keith's no-evidence motion for summary judgment and Aleman now appeals.

## No–Evidence Summary Judgment

In a Rule 166a(i) no-evidence summary judgment, the movant represents that no evidence exists as to one or more essential elements of the non-movant's claims, upon which the non-movant would have the burden of proof at trial. TEX.R. CIV. P. 166a(i). The non-movant then must present evidence raising a genuine issue of material fact on the challenged elements. *Id.* A no-evidence summary judgment is essentially a pre-trial directed verdict. *Bendigo v. City of Houston,* 178 S.W.3d 112, 113-14 (Tex.App.Houston [1st Dist.] 2005, no pet.); *Jackson v. Fiesta Mart,* 979 S.W.2d 68, 70–71 (Tex.App.-Austin 1998, no pet.). On review, we ascertain whether the non-movant produced more than a scintilla of probative evidence to raise a genuine issue of material fact. *Jackson,* 979 S.W.2d at 70–71. More than a scintilla of evidence exists if the evidence " 'rises to a level that would enable reason-

able and fair-minded people to differ in their conclusions.'" *King Ranch, Inc. v. Chapman,* 118 S.W.3d 742, 751 (Tex.2003) (quoting *Merrell Dow Pharms., Inc. v. Havner,* 953 S.W.2d 706, 711 (Tex.1997)). If the evidence does no more than create a mere surmise or suspicion of fact, less than a scintilla of evidence exists. *Havner,* 953 S.W.2d at 711–12. To defeat a no-evidence motion for summary judgment, the respondent is not required to marshal its proof; its response need only point out evidence that raises a fact issue on the challenged elements. Tex.R. Civ. P. 166a(i) cmt.

■ Here, because the summary judgment order does not specify the ground or grounds on which the trial court relied for its ruling, we should affirm the summary judgment if any theory advanced by the movant has merit. *See Weiner v. Wasson,* 900 S.W.2d 316, 317 n. 2 (Tex.1995).

### The Adequacy of the Response

At the outset, Keith contends the trial court properly granted its no-evidence motion because Aleman's response to the motion was patently inadequate, citing our court's decision in *Brewer & Pritchard,* 7 S.W.3d at 869. Aleman responds that the Texas Supreme Court's opinion in *Brewer* disagreed with that aspect of our court's opinion and thus we should not apply it in this case in its strictest sense.

■ In determining whether a respondent to a no-evidence motion for summary judgment has produced sufficient evidence to raise a genuine issue of material fact, courts are not required to search the record without guidance. *Id.* at 868–69; *Guthrie v. Suiter,* 934 S.W.2d 820, 826 (Tex.App.-Houston [1st Dist.] 1996, no writ) ("The trial court should not be compelled to sift through a 500–page deposition to search for evidence supporting the contestant's contentions."); *Nawas v. R & S Vending,* 920 S.W.2d 734, 737 (Tex.App.-Houston [1st Dist.] 1996, no writ). But "the respondent is not required to marshal its proof; its response need only point out evidence that raises a fact issue on the challenged elements." Tex.R. Civ. P. 166a(i) cmt.

In *Brewer,* a law firm sued a former associate and another lawyer for civil conspiracy. 73 S.W.3d at 196, 206. The defendants moved for a no-evidence summary judgment on the conspiracy claim, which the trial court granted. *Id.* at 197. This court affirmed without reaching the merits of the conspiracy claim, holding that the law firm's response to the motion was inadequate because it did not "connect any of the facts to the challenged elements of the causes of action." *Brewer,* 7 S.W.3d at 869. The Texas Supreme Court affirmed, but on the ground that Brewer & Pritchard had failed to produce evidence raising a genuine issue of material fact on the challenged element of the conspiracy claim. *Brewer,* 73 S.W.3d at 207–08. In reaching the merits, the Texas Supreme Court expressly held that the summary judgment response in *Brewer* met the Rule 166a(i) requirement that the non-movant "point out evidence that raises a fact issue on the challenged elements." Tex.R. Civ. P. 166a(i) cmt.; *Brewer,* 73 S.W.3d at 207–08.

■ In this case, Aleman's response satisfies the requirements of Rule 166a(i). *See* Tex.R. Civ. P. 166a(i) cmt. Aleman's response provides,

Plaintiffs would show that there is evidence of both a duty by the Defendant and a breach of that duty which resulted in the Plaintiffs [sic] injuries. The evidence includes the depositions of Defendants' employees Charles Studdard (Exhibit 1) and Daryl Wigington, (Exhibit 2) as well as the deposition testimony of the Plaintiff, Miguel Ale-

man (Exhibit 3). The depositions are attached in their entirety as evidence and consideration for this Response. The following are relevant excerpts from those depositions establishing evidence in support of Plaintiff's claim. . . .

The response then contains a page and a half of relevant excerpts from the depositions, followed by the depositions themselves in their entirety. Aleman's response recites a legal proposition followed by selected facts, similar to the response found adequate by the Texas Supreme Court in *Brewer*. *See* 73 S.W.3d at 207. While Aleman's response does not expressly connect any specific fact to the specifically challenged elements of his causes of action, the no-evidence summary judgment in this case only challenged two elements of Aleman's negligence claim—breach of duty and causation. *See Brewer*, 7 S.W.3d at 868–69. The sheer brevity of the evidence cited serves to adequately "connect . . . the facts to the challenged elements of the causes of action." *Id.* at 869. We hold that Aleman's response to Keith's no-evidence motion for summary judgment satisfies the requirements of Rule 166a(i) and sufficiently "point[s] out evidence" in an attempt to raise a fact issue on the challenged elements. Tex.R. Civ. P. 166a(i) cmt.; *Brewer*, 73 S.W.3d at 207–08 ("Whether Brewer Pritchard adequately pointed out evidence relating to challenged elements of the conspiracy cause of action is a close question. But we conclude that the summary judgment response met the minimum requirements of Rule 166a(i).").

### Negligence

Keith is a nonsubscriber to the Texas Workers' Compensation Act. Tex. Lab. Code Ann. § 406.002 (Vernon 2006) ("Except for public employers and as otherwise provided by law, an employer may elect to obtain workers' compensation insurance coverage."). "In an action . . . against an employer who does not have workers' compensation insurance coverage, the plaintiff must prove negligence of the employer or of an agent or servant of the employer acting within the general scope of the agent's or servant's employment." *Id.* § 406.033(d) (Vernon 2006).

■ A negligence cause of action has three elements: (1) a legal duty owed by one person to another, (2) a breach of that duty, and (3) damages proximately caused by the breach. *D. Houston, Inc. v. Love*, 92 S.W.3d 450, 454 (Tex.2002). "Proximate cause requires both cause in fact and foreseeability." *Id.* Foreseeability exists if the actor, as a person of ordinary intelligence, should have anticipated the dangers his negligent act creates for others. *Id.* "Foreseeability does not require that a person anticipate the precise manner in which injury will occur once he has created a dangerous situation through his negligence." *Travis v. City of Mesquite*, 830 S.W.2d 94, 98 (Tex.1992). "Cause in fact means that the defendant's act or omission was a substantial factor in bringing about the injury which would not otherwise have occurred." *Union Pump Co. v. Allbritton*, 898 S.W.2d 773, 775 (Tex.1995); *Henry v. Houston Lighting & Power Co.*, 934 S.W.2d 748, 750 (Tex.App.-Houston [1st Dist.] 1996, writ denied). The general rule is that Texas courts will find sufficient proof of causation when lay testimony establishes a sequence of events that provides a strong, logically traceable connection between the event and the condition. *Morgan v. Compugraphic Corp.*, 675 S.W.2d 729, 733 (Tex.1984).

■ An employer has a duty to use ordinary care in providing a safe workplace. *See Kroger Co. v. Elwood*, 197 S.W.3d 793, 794 (Tex.2006); *Farley v. M M Cattle Co.*, 529 S.W.2d 751, 754 (Tex. 1975). "It must, for example, warn an

employee of the hazards of employment and provide needed safety equipment or assistance." *Elwood*, 197 S.W.3d at 794; *Farley*, 529 S.W.2d at 754. An employer must furnish safe machinery and instrumentalities with which its employees are to work and provide adequate assistance under the circumstances for the performance of required work. *See Humble Sand & Gravel, Inc. v. Gomez*, 146 S.W.3d 170, 186 n. 45 (Tex.2004); *Werner v. Colwell*, 909 S.W.2d 866, 869 (Tex.1995); *Farley*, 529 S.W.2d at 754. An employer must also instruct employees in the safe use and handling of products and equipment used in and around an employer's premises or facilities, and adequately hire, train, and supervise employees. *Patino v. Complete Tire, Inc.*, 158 S.W.3d 655, 660 (Tex.App.-Dallas 2005, pet. denied); *Castillo v. Gared, Inc.*, 1 S.W.3d 781, 786 (Tex.App.-Houston [1st Dist.] 1999, pet. denied).

■ An employer, however, is not an insurer of its employees' safety. *Elwood*, 197 S.W.3d at 794; *Leitch v. Hornsby*, 935 S.W.2d 114, 117 (Tex.1996); *Exxon Corp. v. Tidwell*, 867 S.W.2d 19, 21 (Tex. 1993). An employer owes no duty to warn of hazards that are commonly known or already appreciated by the employee and no duty to provide equipment or assistance that is unnecessary to the job's safe performance. *Elwood*, 197 S.W.3d at 794-95. An employer also has no duty to provide assistance if an employee's injury results from performing the same character of work that employees in that position have always done, and there is no evidence that the work is unusually precarious. *Id.; Werner*, 909 S.W.2d at 869.

### Evidence to Support Aleman's Negligence Claims

Aleman contends the trial court erred in granting Keith's no-evidence motion for summary judgment because he produced sufficient evidence to raise a genuine issue of material fact with regard to the breach of duty and proximate cause elements of his negligence claims. *See* Tex.R. Civ. P. 166a(i); *Love*, 92 S.W.3d at 454.

### A. Failure to Provide Safe Machinery and Instrumentalities

■ Aleman's first claim is that Keith breached its duty to provide its employees with safe machinery and instrumentalities by negligently failing to properly maintain its equipment. *See Gomez*, 146 S.W.3d at 186 n. 45. At his deposition, Aleman testified that the hose to the refrigeration unit inside the trailer was improperly leaking water on the day of his accident, causing the floor of the trailer to become wet. Aleman testified that the water on the floor of the trailer caused him to slip and fall on the ramp while unloading merchandise. Aleman also testified that when Keith's trucks arrive in Houston from San Antonio, the driver is supposed to do a post-trip inspection but no one at Keith ever does it. Charles Studdard, the transportation manager for the San Antonio branch of Keith, testified that after Aleman's accident, he told Penske, an outside mechanic used by the company to repair its trailers, to check the refrigeration unit in Aleman's trailer. Studdard also made a notation on an internal accident report that stated, "[e]vaporator in trailer has been fixed." Daryl Wigington, the director of risk management at Keith, testified that the refrigeration unit in Aleman's trailer had to be replaced because it was not working properly.

The evidence presented would not enable reasonable and fair-minded people to differ in their conclusions with regard to whether Keith's failure to properly maintain its equipment proximately caused Aleman's injury. *See King Ranch*, 118 S.W.3d at 751. Specifically, Aleman pro-

duced no evidence that Keith's failure to properly maintain its trailers was the cause in fact of his injury. "Cause in fact means that the defendant's act or omission was a substantial factor in bringing about the injury which would not otherwise have occurred." *Allbritton*, 898 S.W.2d at 775; *Henry*, 934 S.W.2d at 750.

Here, Aleman testified that he slipped on the ramp because his feet were wet due to water standing on the floor of his trailer, which dripped from the refrigeration unit inside the trailer. Aleman produced no evidence that he was injured by the activity of failing to maintain the trailers—rather, he produced evidence that the failure to maintain the trailer caused water to be present on the floor. Such evidence is legally insufficient to establish a causal nexus. *See Keetch v. Kroger Co.*, 845 S.W.2d 262, 264 (Tex.1992) ("Recovery on a negligent activity theory requires that the person have been injured by or as a contemporaneous result of the activity itself rather than by a condition created by the activity."); *see also Brookshire Grocery Co. v. Taylor*, 222 S.W.3d 406, 408 (2006) (holding that ice machine was not dangerous condition itself—ice on floor was dangerous condition but defendant had no knowledge of ice on floor). The trial court therefore properly granted Keith's motion for summary judgment on Aleman's claim that Keith negligently failed to properly maintain its equipment because Aleman failed to raise a genuine issue of material fact with regard to causation.

B. *Failure to Train and Instruct Employees*

■ Aleman's second claim is that Keith breached its duty to adequately train and instruct its employees on the safe use and handling of products and equipment by failing to instruct Aleman on how to properly walk down the ramp with a dolly. *See Patino*, 158 S.W.3d at 660; *Castillo*, 1 S.W.3d at 786. Aleman testified that Keith never instructed him on how to walk down the ramp with the dolly. He learned by watching other employees who unloaded the trailers by walking down the ramp with the dolly in front of them. After the accident, Aleman learned that a safer alternative to unloading the trailer with the dolly first, is to back the dolly down the ramp. Aleman testified that he would not have slipped if Keith had instructed him to unload the trailer by backing the dolly down the ramp.

Aleman has failed to produce more than a scintilla of evidence to support his claim that Keith breached its duty to instruct him on how to properly walk down the ramp with the dolly. *See Jackson*, 979 S.W.2d at 70–71. Aleman produced no evidence supporting his allegation that backing down a ramp with the dolly is safer than walking down the ramp with the dolly first. Aleman also produced no evidence showing that training or instruction beyond that given by Keith would be necessary or proper by a reasonably prudent employer. *See Patino*, 158 S.W.3d at 661 (holding plaintiff had presented no evidence that employer breached its duty to adequately train). The trial court therefore properly granted Keith's motion for summary judgment on Aleman's claim that Keith breached its duty to adequately train and instruct its employees on the safe use and handling of products and equipment by failing to instruct Aleman on how to properly walk down the ramp with a dolly.

C. *Negligently Loading and Unloading Products*

■ Aleman's third claim is that Keith breached its duty to provide a safe workplace by negligently loading and unloading

merchandise from its trailers. *See El-wood,* 197 S.W.3d at 794; *Leitch,* 935 S.W.2d at 117; *Castillo,* 1 S.W.3d at 786. During his deposition, Aleman testified that Keith's employees would often load pallets on the trailers incorrectly.

Aleman has produced no evidence that Keith's negligent loading or unloading of trailers was the cause in fact of his injury. *See Jackson,* 979 S.W.2d at 70–71. The trial court therefore properly granted Keith's summary judgment on Aleman's claim that Keith breached its duty to provide a safe workplace by negligently loading and unloading merchandise from its trailers.

### D. Failure to Provide a Safe Workplace

Aleman's fourth claim is that Keith breached its duty to provide a safe workplace by failing to warn Aleman about the water on the floor of the trailer. *See Elwood,* 197 S.W.3d at 794; *Leitch,* 935 S.W.2d at 117; *Castillo,* 1 S.W.3d at 786. Aleman produced no evidence that Keith failed to warn him about the water on the floor of the trailer, or that Keith would have discovered the water had it properly inspected the trailer before the drive from San Antonio to Houston. Moreover, the evidence indicates that Aleman was the only Keith employee who was aware of the water on the floor of the trailer before the accident. Aleman has therefore failed to produce more than a scintilla of evidence with regard to the breach of duty element of this negligence claim. *See Jackson,* 979 S.W.2d at 70–71; *see also Dodge v. Durdin,* 187 S.W.3d 523, 531 (Tex.App.-Houston [1st Dist.] 2005, no pet.) (holding plaintiff produced more than scintilla of evidence that defendant breached its duty to warn).

Additionally, we note that an employer owes no duty to warn of hazards that are commonly known or already ap-preciated by the employee. *Elwood,* 197 S.W.3d at 794-95. The danger associated with water on a floor is commonly known and obvious to anyone. *See Jack in the Box, Inc. v. Skiles,* 221 S.W.3d 566, 569 (2007) (holding danger associated with use of ladder to climb over lift gate is common and obvious to anyone); *Elwood,* 197 S.W.3d at 795 (holding danger associated with placing hand in doorjamb of automobile is common and obvious to anyone). Keith therefore did not have a duty to warn Aleman about the water on the floor of the trailer. *See Elwood,* 197 S.W.3d at 794-95. Accordingly, Keith did not breach a duty because no duty to warn arises in this context. *See Skiles,* 2007 at 568–69 (holding no breach of duty where no duty to warn existed). The trial court properly granted Keith's motion for summary judgment on Aleman's claim that Keith negligently failed to warn him about the water on the floor of the trailer.

### Conclusion

We hold that Aleman's response to Keith's no-evidence motion for summary judgment satisfies the requirements of Texas Rule of Civil Procedure 166a(i), but agree with the trial court that Aleman failed to produce sufficient evidence to raise a genuine issue of material fact to defeat the summary judgment. We therefore affirm the judgment of the trial court.

Justice JENNINGS, concurring.

TERRY JENNINGS, Justice, dissenting.

I join the majority opinion except in its discussion of the claim of appellant, Miguel Aleman, against appellee, the Ben E. Keith Company ("Keith"), for Keith's failure to properly maintain equipment. Relying on premises liability cases, the majority notes that Aleman produced no evidence that he

was injured by the negligent activity of Keith's failure to maintain the trailer in question. However, as noted by Aleman, his claim against Keith is a straight-forward negligence claim, not a premises liability claim.

Aleman asserts that he produced more than a scintilla of evidence that Keith failed to maintain the refrigeration unit in its trailer. He testified that Keith did not perform its own required inspection of its trailers. Aleman also notes that the hose to the unit inside the pertinent trailer was improperly leaking water inside the trailer on the day of the incident. Moreover, the evaporator in the trailer had been fixed after the incident because it was not working properly.

However, the critical point is that Aleman presented no evidence establishing the condition of the evaporator before the incident or whether a condition, if any, of the evaporator should have been detected or repaired by Keith prior to the incident as part of its duty to maintain the trailer. *See Simmons v. Briggs Equip. Trust,* 221 S.W.3d 109, 114 (Tex. App.–Houston [1st Dist.] 2006, no pet.). Thus, Aleman presented no evidence that Keith breached its duty to maintain the trailer. See id. It necessarily follows that he presented no evidence that any such breach proximately caused his injuries.

Accordingly, I agree with the majority that the trial court did not err in granting Keith's no evidence summary judgment motion on Aleman's claim that Keith failed to properly maintain its equipment.