Opinion issued November 15, 2007















     




In The
Court of Appeals
For The
First District of Texas




NO. 01-06-00689-CV




BILLY CLARK, Appellant

V.

LOWE’S HOME CENTERS, INC., D/B/A LOWE’S OF TOMBALL, TX.,
STORE NO. 1052, Appellee




On Appeal from the 234th District Court
Harris County, Texas
Trial Court Cause No. 2005-04895




MEMORANDUM OPINION
          Appellant, Billy Clark, challenges the no-evidence summary judgment rendered
against him in his premises liability lawsuit against Lowe’s Home Centers, Inc., d/b/a
Lowe’s of Tomball, TX., Store No. 1052 (“Lowe’s”). In two issues, Clark argues that
the trial court erred in (1) granting summary judgment in favor of Lowe’s and (2) in
excluding evidence of Lowe’s subsequent remedial measures.
          We affirm.
Background
          In January 2003, Billy Clark was shopping for ten-foot galvanized corrugated
metal sheets at Lowe’s in Tomball, Texas. While attempting to remove the sheets
from the storage rack, Clark injured his left hand. As a result of this injury, the index
finger of Clark’s right hand was partially amputated. Clark alleges that shortly after
the accident occurred Lowe’s installed a sign warning customers to ask for help if
they wanted to purchase the metal sheets.
          In January 2005, Clark filed suit against Lowe’s. Lowe’s filed a no-evidence
motion for summary judgment in April 2006, arguing that Clark had no evidence that
there was a condition on the premises that posed an unreasonable risk of harm, that
Lowe’s knew or reasonably should have known of the condition, that Lowe’s
breached a duty of care to Clark, or that Lowe’s breach proximately caused Clark’s
injury. Clark responded that the fact that another unidentified Lowe’s store stacked
its corrugated metal sheets differently and his assertion that a sign was added after his
injury, coupled with the fact that he had actually been injured, supported his claim
against Lowe’s. The trial court refused to consider the evidence Clark offered
regarding the sign posted after his injury. It granted Lowe’s no-evidence motion for
summary judgment and dismissed Clark’s case with prejudice. This appeal followed.
No-Evidence Summary Judgment
          Standard of Review
          We review the trial court’s grant of summary judgment de novo. Provident
Life & Accident Ins. Co. v. Knott, 128 S.W.3d 211, 215 (Tex. 2003). We must make
inferences, resolve doubts, and view the evidence in the light most favorable to the
non-movant. Rhone-Poulenc, Inc. v. Steel, 997 S.W.2d 217, 223 (Tex. 1999). A no-evidence summary judgment motion asserts that no evidence exists as to at least one
essential element of the non-movant’s claims on which the non-movant would have
the burden of proof at trial. Bendigo v. City of Houston, 178 S.W.3d 112, 113–14
(Tex. App.—Houston [1st Dist.] 2005, no pet.) (citing Jackson v. Fiesta Mart, 979
S.W.2d 68, 70–71 (Tex. App.—Austin 1998, no pet.)). On review, we ascertain
whether the non-movant produced more than a scintilla of probative evidence to raise
a genuine issue of material fact. Id. Here, because the summary judgment order does
not specify the grounds upon which the trial court relied for its ruling, we will affirm
the judgment if any of the theories included in the motion has merit. Aleman v. Ben
E. Keith Co., 227 S.W.3d 304, 309 (Tex. App.—Houston [1st Dist.] 2007, no pet.)
(citing Weiner v. Wasson, 900 S.W.2d 316, 317 n. 2 (Tex. 1995)). 
Premises Liability
          A store owes an invitee a duty to exercise reasonable care to protect the invitee
from dangerous conditions in the store that were known or reasonably discoverable
to it.


 Bendigo, 178 S.W.3d at 114 (citing Wal–Mart Stores, Inc. v. Gonzalez, 968
S.W.2d 934, 936 (Tex. 1998)). The store is not, however, an insurer of the invitee’s
safety. Id. To recover under a theory of premises liability, a plaintiff must prove
(1) that the owner or occupier had actual or constructive knowledge of a condition on
the premises; (2) that the condition posed an unreasonable risk of harm; (3) that the
owner or occupier did not exercise reasonable care to reduce or eliminate the risk; and
(4) that the owner or occupier’s failure to use such care proximately caused the
plaintiff’s injury. CMH Homes, Inc. v. Daenen, 15 S.W.3d 97, 99 (Tex. 2000).
          In its no-evidence motion for summary judgment, Lowe’s contends that Clark
failed to produce any evidence that (1) Lowe’s knew or reasonably should have
known of the condition of the corrugated metal sheets; (2) that the condition posed
an unreasonable risk of harm; (3) that Lowe’s breached the duty of ordinary care by
failing to adequately warn of the condition and make the condition safe; or (4) that
Lowe’s breach proximately caused Clark’s injury. Clark correctly states in his brief
that constructive knowledge of a dangerous condition can be shown through
circumstantial evidence when it is more likely than not that the dangerous condition
existed long enough to give the store a reasonable opportunity to discover the
problem. Wal-Mart Stores, 968 S.W.2d at 936. However, Clark provides no
evidence as to how the corrugated metal sheets came to be arranged as they were
when he was injured, nor does he present any evidence as to how long the sheets had
been in that condition.
          Clark suggests that we should look upon his deposition testimony of
precautionary measures that Lowe’s could have taken as evidence of Lowe’s
knowledge. However, Clark’s deposition testimony is not in the appellate record. It
is only included as an appendix to his brief.


 With limited exceptions not relevant
here, an appellate court may not consider matters outside the appellate record. Sabine
Offshore Serv., Inc. v. City of Port Arthur, 595 S.W.2d 840, 841 (Tex. 1979) (orig.
proceeding); Nguyen v. Intertex, Inc., 93 S.W.3d 288, 292–93 (Tex. App.—Houston
[14th Dist.] 2002, no pet.). The attachment of documents as appendices to briefs is
not formal inclusion in the record on appeal, and, therefore, the documents cannot be
considered by this Court.


 Nguyen, 93 S.W.3d at 293. Clark also argues that his
testimony about Lowe’s subsequent remedial measure of placing a warning sign near
the corrugated metal sheets constitutes more than a scintilla of evidence that Lowe’s
had constructive knowledge of the dangerous condition. As we explain below,
however, subsequent remedial measures are not admissible to show liability for a
previous accident. Tex. R. Evid. 407.
          Clark has failed to present more than a scintilla of evidence that Lowe’s had
actual or constructive knowledge of the dangerous condition in its store. See CMH
Homes, 15 S.W.3d at 99; Bendigo, 178 S.W.3d at 114.
          We overrule Clark’s first issue.
Admissibility of Remedial MeasuresIn his second issue, Clark argues that the trial court erred in excluding evidence
that Lowe’s put up a sign to warn customers of the potential hazard in moving the
corrugated sheets without assistance after Clark was injured.
          There is no difference between the standards for evidence that would be
admissible in a summary judgment proceeding and those applicable at a regular trial. 
United Blood Servs. v. Longoria, 938 S.W.2d 29, 30 (Tex. 1997). We review the trial
court’s rulings on the admissibility of evidence for abuse of discretion.
Owens–Corning Fiberglas Corp. v. Malone, 972 S.W.2d 35, 43 (Tex. 1998). A trial
court abuses its discretion when it acts without regard to guiding rules or principles. 
Id.
          Generally, evidence of subsequent remedial measures is not admissible to
prove negligence, culpable conduct, a defect in a product, a defect in a product’s
design, or a need for a warning or instruction. Tex. R. Evid. 407. Subsequent
remedial measures can be used to prove ownership, control, or feasibility of
precautionary measures, if controverted. Id. Because neither ownership, control, nor
feasibility was controverted in this case, and Clark did not argue that he was
attempting to introduce evidence of the sign for any reason other than to show
negligence, the trial court acted properly in accordance with the rules of evidence. 
See id. Therefore, the trial court did not abuse its discretion when it excluded
evidence regarding the warning sign. See Owens–Corning Fiberglas, 972 S.W.2d at
43.
          We overrule Clark’s second issue.
 
 
 
 
Conclusion
          We affirm the judgment of the trial court.
 
 


                                                             Evelyn V. Keyes
                                                             Justice

Panel consists of Justices Nuchia, Jennings, and Keyes.