**Opinion issued November 1, 2012.**



In The

# Court of Appeals

For The

# First District of Texas

————————————————

## NO. 01-11-01074-CV

————————————————

**EAST HOUSTON ESTATE APARTMENTS, L.L.C., Appellant**

**V.**

**CHASE BANK OF TEXAS, N.A., Appellee**

**On Appeal from the 333rd District Court**
**Harris County, Texas**
**Trial Court Case No. 2007-58763B**

## MEMORANDUM OPINION

East Houston Estate Apartments, L.L.C. (EHEA) appeals from the trial court's summary judgment in favor of Chase Bank of Texas, N.A. In two issues, EHEA contends that its claims against Chase are not time barred by the statute of

limitations and that it presented sufficient evidence to raise a fact issue as to the causation element of its claims against Chase. We affirm.

## Background

EHEA sought to rehabilitate a low-income apartment complex in northeast Houston. It obtained financing for the project from Chase and, as a subordinate creditor, the City of Houston. EHEA and Chase entered into a Construction/Term Loan Agreement for the rehabilitation project.[1] Chase and the City (but not EHEA) also entered into an intercreditor agreement regarding the project. The loan agreement required EHEA to comply with certain conditions of funding, and gave Chase approval rights with respect to the project's general contractor.

After EHEA terminated its original general contractor, disagreements arose between EHEA and Chase. Chase asserted the EHEA was in violation of the loan agreement's funding conditions, ceased funding the project, and declined EHEA's request for a loan extension. Over the next few years, Chase continued to notify EHEA that Chase would not resume funding unless EHEA cured its breaches of the loan agreement. EHEA declined or was unable to address these concerns to Chase's satisfaction, and Chase ultimately accelerated the loan. Shortly thereafter, EHEA filed for bankruptcy. The bankruptcy action was dismissed later that year.

---

[1] EHEA also entered into a financing agreement with the City. EHEA issued notes to both Chase and the City.

Chase sold EHEA's note on the project property to East Houston Apartments, LLC, which then sent EHEA notice of foreclosure on the project property. EHEA filed for bankruptcy a second time. After the bankruptcy stay was lifted, East Houston Apartments foreclosed on the property.

EHEA filed this suit against Chase, the City, and East Houston Apartments. EHEA asserted claims against Chase for breach of contract, common-law and statutory fraud, civil conspiracy, tortious interference with prospective relations, tortious interference with existing contracts, violations of the Deceptive Trade Practices Act (DTPA), and for equitable relief. Chase moved for traditional and no-evidence summary judgment, which the trial court granted.[2] The trial court severed EHEA's claims against Chase, rendering the summary judgment order final and appealable, and this appeal ensued.

## Scope of Appeal

In its brief, EHEA identifies eleven grounds on which Chase sought summary judgment:

*Grounds asserted in the traditional motion:*

[1]     The contract, fraud, tortious interference, Deceptive Trade
        Practices Act (DTPA), and civil conspiracy claims are barred
        by limitations.

---

[2]     The trial court issued several orders granting some of the relief requested in
        Chase's summary judgment motion before granting the motion in its entirety.

3

[2]     Appellant has no standing to sue under the Intercreditor Agreement.

[3]     Appellant is not a consumer as contemplated by the DTPA.

[4]     The DTPA does not apply because the transaction that is the basis of the claims exceeds the monetary caps contained in the DTPA.

[5]     The statutory fraud claim fails because Chase was a lender and the transaction did not involve the sale of real property, neither of which is contemplated by section 27.01 of the Texas Business & Commerce Code, the authority for a statutory fraud cause of action.

[6]     The equitable relief sought by appellant is moot.

*Grounds asserted in the no-evidence motion:*

[7]     There is no evidence to support the fraudulent inducement element of common law fraud.

[8]     There is no evidence that Chase tortiously interfered with an existing contract.

[9]     There is no evidence that Chase tortiously interfered with any prospective business relationship.

[10]    There is no evidence [of an illegal and overt act,] required for a civil conspiracy cause of action [].

[11]    There is no evidence of cause-in-fact regarding damages to any of the causes of action.

(Bracketed numbers added.) EHEA challenges only two of these grounds for summary judgment: limitations (ground 1) and causation (ground 11).

4

Because the trial court's order does not state the ground on which the court granted summary judgment, we must affirm the trial court's judgment if any ground for summary judgment is meritorious. *See Harwell v. State Farm Mut. Auto. Ins. Co.*, 896 S.W.2d 170, 173 (Tex. 1995); *Gillebaard v. Bayview Acres Ass'n, Inc.*, 263 S.W.3d 342, 347 (Tex. App.—Houston [1st Dist.] 2007, pet. denied). Put another way, with respect to each of its claims, EHEA must negate any grounds on which the trial court could have relied, and we must affirm the trial court's judgment with respect to any ground for summary judgment not challenged on appeal. *See Gillebaard*, 263 S.W.3d at 347–48 ("When a summary-judgment order does not specify or state the grounds on which the trial court relied, on appeal, the non-movant must negate any grounds on which the trial court could have relied, and a reviewing court will affirm the summary-judgment order if any of the grounds presented is meritorious.") (citations omitted); *McCoy v. Rogers*, 240 S.W.3d 267, 271 (Tex. App.—Houston [1st Dist.] 2007, pet. denied) ("If summary judgment may have been rendered, properly or improperly, on a ground not challenged on appeal, the judgment must be affirmed.").

Thus, we must affirm the trial court's summary judgment with respect to each claim on which summary judgment could have been granted based on one of the above-listed grounds not challenged by EHEA here. Specifically, because EHEA does not challenge summary judgment ground (2), we must affirm the trial

court's judgment on EHEA's breach of contract claim against Chase based on the Intercreditor Agreement (if any). Because EHEA does not challenge grounds (3) and (4), we must affirm the trial court's judgment on EHEA's DTPA claim against Chase. Because EHEA does not challenge grounds (5) and (7), we must affirm the trial court's judgment on EHEA's statutory and common-law fraud claims. Because EHEA does not challenge ground (6), we must affirm the trial court's judgment on EHEA's claim for equitable relief. Because EHEA does not challenge grounds (8) and (9), we must affirm the trial court's judgment on EHEA's tortious interference claims. Finally, because EHEA does not challenge ground (10), we must affirm the trial court's judgment on EHEA's civil conspiracy claim.

In sum, EHEA challenges the summary judgment only with respect to its breach of contract claims based on contracts other than the Intercreditor Agreement. EHEA's live pleadings state a claim against Chase for breach of the loan agreement between EHEA and Chase. We therefore consider EHEA's appellate arguments to determine whether summary judgment was proper on its claim against Chase for breach of the loan agreement.

**No-Evidence Challenge to Causation of Damages**

In a no-evidence summary judgment, the movant may challenge the nonmovant's evidence as to one or more elements of a claim on which the nonmovant bears the burden of proof at trial. TEX. R. CIV. P. 166a(i). The burden

6

then shifts to the nonmovant to present evidence sufficient to raise a fact issue on the challenged elements. *See id.* ("The court must grant the motion unless the respondent produces summary judgment evidence raising a genuine issue of material fact."); *Airgas-Sw., Inc. v. IWS Gas & Supply of Tex., Ltd.*, No. 01-10-00938-CV, 2012 WL 3772502, at *10 (Tex. App.—Houston [1st Dist.] Aug. 30, 2012, no. pet. h.). We must ascertain whether the nonmovant produced more than a scintilla of probative evidence to raise a genuine issue of material fact. *Aleman v. Ben E. Keith Co.*, 227 S.W.3d 304, 308 (Tex. App.—Houston [1st Dist.] 2007, no pet.). "More than a scintilla of evidence exists if the evidence 'rises to a level that would enable reasonable and fair-minded people to differ in their conclusions.'" *Id.* at 308–09 (quoting *King Ranch, Inc. v. Chapman*, 118 S.W.3d 742, 751 (Tex. 2003), which in turn quotes *Merrell Dow Pharms., Inc. v. Havner*, 953 S.W.2d 706, 711 (Tex. 1997)). If the evidence does no more than create a mere surmise or suspicion of fact, less than a scintilla of evidence exists. *Id.* (citing *Havner*, 953 S.W.2d at 711–12).

Contending that it raised a question of fact on the causation element of its claims, EHEA makes the following argument on appeal:

> Appellant has argued, testified, and presented evidence that Chase continually strung it along when trying to comply with the terms and conditions of the Loan. It is clear and undisputed that Chase required any contractor performing work [o]n the property made the subject of the suit had to be approved by Chase. The first contractor that Chase approved could not perform the job and was therefore terminated. (CR

7

905). Appellant made efforts to complete the project on his own but was prevented from doing so by Chase. (CR 907). Chase provided Appellant with a list of contractors and continued to refuse to approve any of the contractors that it had suggested. (CR 908). The only contractor Chase would approve was one whose budget was $1.5 million dollars higher than all of the other contractors. (CR 909). Subsequently, many meetings were held and letters changed hands to resolve the matter. Had Chase approved the contractors in a timely manner or not required Appellant to use a contractor that was substantially over the budgeted amount, Appellant would have completed the project and would not have lost the property. Moreover, because the project was never completed (due to Chase's actions) Appellant could not make any money. Chase's constant string-a-long tactics and false promises caused Appellant to suffer damages. There is in fact "evidence" of causation.[3]

EHEA's record citations, to pages 905 and 907 through 909 of the clerk's record, direct the Court's attention to specific pages of EHEA's summary judgment response in the trial court. EHEA's summary judgment briefing is, itself, not evidence. *See, e.g., Sher v. Fun Travel World, Inc.*, 118 S.W.3d 500, 503 (Tex. App.—Dallas 2003, no pet.) ("Of course, pleadings are not competent summary judgment evidence."). But these pages contain citations to exhibits to the motion,

---

[3]     EHEA's breach of contract claim, as pleaded in its live petition, asserts that Chase breached its contractual obligations to EHEA "by refusing or failing to fund the loans for which Plaintiff pledged its property." EHEA does not reference Chase's decision not to approve certain contractors for the rehabilitation project in the context of its breach of contract allegations but does reference this elsewhere in the petition. For purposes of this appeal, we will read the petition broadly and assume that EHEA has pleaded a breach of contract claim based on Chase's non-approval of contractors—the subject matter of EHEA's causation argument.

which are contained in the summary judgment record. We will consider whether this evidence raised an issue of fact on causation.[4]

---

[4]    In the trial court, EHEA responded to Chase's evidentiary challenge on the element of causation with respect to EHEA's tortious interference claim, stating:

> . . . Defendant Chase Bank asserted again in 2004 that they would be willing to go forward on the project. Based upon such representation, the Plaintiff went out and received a bid for 1.5 Million dollars, and later Defendant Chase Bank (CB) transferred the note, and the buying entity Defendant East Houston Apartments (EHA) and assign of Chase Bank, wrongfully foreclosed on the property; thus causing the Plaintiff to lose such bid for l.5 Million which are the damages to the Plaintiff for such misrepresentation. This is proof of tort[i]ous interference.

EHEA also responded to Chase's causation challenge with respect to EHEA's fraud claim, stating:

> [T]he Fraud occurred when the Project property was actually foreclosed on. That was the ultimate damages to the Plaintiff. So, the misrepresentation was from Defendant CB, we will fully fund the loan made back in 99, the plaintiff reasonabl[y] relied on such misrepresentation through 2007, in 2007 Defendant Chase Bank transferred the note, and Defendant East Houston Apartments (EHA) [] foreclosed on the Plaintiff's, East Houston Estate Apartments (EHEA) property causing the Plaintiff injury and damages in this case.

But EHEA did not make an argument with respect to evidence of causation of its breach of contract damages in its response to Chase's motion for summary judgment. In its reply in support of summary judgment, Chase pointed out that EHEA had failed to respond to its no-evidence challenge on causation (as well as other grounds for summary judgment). EHEA responded with the following statement:

> The Plaintiff incorporates by reference all responding briefs, all submitted Affidavits and Letters, Motions and Exhibits which have been presented as part of their response(s) to Defendant Chase Bank[']s motions for Summary Judgment. Accordingly, the Plaintiff has timely responded to Chase Bank[']s Traditional and No

We hold that EHEA has not demonstrated that the trial court erred in granting summary judgment against EHEA on the ground that it presented no evidence that Chase's conduct caused it damages.[5] EHEA's first contention—that the original general contractor approved by Chase "could not perform the job"—is not supported by the portion of record EHEA cites. Exhibit A, referenced on page 905 of the clerk's record, is the first page of a letter in which EHEA's counsel states that, pursuant to the construction contract between EHEA and the original general contractor, the rehabilitation project commenced in March 2000 rather than August 1999. The portion of the letter contained in the record does not tend to establish the reason for the March 2000 starting date, that the starting date was dictated or otherwise caused by Chase rather than the parties to the contract, or how the March 2000 starting date caused EHEA damages.

---

Evidence Motions for Summary Judgment, and has raised genuine issues of material facts to be considered by a jury.

Thus, EHEA did not raise the causation argument it makes on appeal in its summary judgment briefing before the trial court. We nevertheless consider EHEA's causation argument here.

[5] The elements of a breach of contract cause of action are: (1) existence of a valid contract; (2) performance or tendered performance by the plaintiff; (3) breach of the contract by the defendant; and (4) damages to the plaintiff caused by the breach. *Godfrey v. Sec. Serv. Fed. Credit Union*, 356 S.W.3d 720, 726 (Tex. App.—El Paso 2011, no pet.) (citing *Roof Sys. Inc. v. Johns Manville Corp.*, 130 S.W.3d 430 (Tex. App.—Houston [14th Dist.] 2004, no pet.)); *Wright v. Christian & Smith*, 950 S.W.2d 411, 412 (Tex. App.—Houston [1st Dist.] 1997, no writ).

EHEA's second contention—that EHEA "made efforts to complete the project on [its] own but was prevented from doing so by Chase"—is likewise unsupported by the evidence referenced in the record. In the cited portion of EHEA's summary judgment response, EHEA asserts that it attempted to complete the project itself after termination of the original contractor but could not do so because Chase refused EHEA's request to draw funding on the ground that EHEA was not an approved general contractor. But EHEA's response does not cite any evidence in support of these contentions.

With respect to EHEA's third and fourth contentions—that Chase refused to approve even a general contractor on its suggested list of contractors and ultimately approved a contractor "whose budget was $1.5 million dollars higher than all of the other contractors"—the evidence referenced in the cited portion of the clerk's record supports some but not all of EHEA's contentions. The record contains a list of contractors provided by Chase to EHEA for consideration; a letter from EHEA to Chase stating that EHEA had contacted all contractors on the list but received only one bid from Construction Supervisors, Inc., which was for an amount "substantially greater than our present budget"; and a letter from Chase to EHEA approving Qualified Construction, Inc. as the new general contractor. Assuming that Construction Supervisors is the contractor from the list that EHEA asserts Chase refused to approve, the evidence does not tend to demonstrate why or

11

how Chase's alleged refusal to approve Construction Supervisors caused EHEA any damages. EHEA itself identified Construction Supervisors's bid as substantially exceeding the project's budget. Nor does the cited material indicate the amount of Qualified Construction's bid, whether it exceeded the other contractor's bids, or how Chase's approval of Qualified Construction caused EHEA any damages.

Finally, although EHEA asserts that Chase's alleged failure to approve contractors "in a timely manner" and insistence on using a contractor "that was substantially over the budgeted amount" caused EHEA to lose the property, EHEA fails to cite to any evidence in the record to support those contentions. Likewise, EHEA does not cite to any evidence to support its contention that Chase's conduct caused EHEA not to complete the project and thus EHEA "could not make any money." EHEA cites to no evidence tending to establish that it could have completed the rehabilitation project but for Chase's actions; and the record contains evidence of other issues that may have prevented EHEA from completing the project even if the parties had located and approved a replacement contractor more quickly.[6] Nor does EHEA cite evidence tending to establish that, but for Chase's action, EHEA would have made a profit on the project upon completion.

_____

[6] EHEA also had disagreements with the City over the project, and the City eventually also sent EHEA a notification of various requirements EHEA would need to satisfy before the City would consider continuing funding of the project.

12

Assuming without deciding that Chase's alleged conduct relating to approval of a general contractor constituted a breach of the loan contract, EHEA has presented no evidence tending to show that this conduct caused EHEA's damages. Because the trial court could have properly granted summary judgment on EHEA's breach of contract claim on the ground that EHEA presented no evidence that Chase's alleged breached caused EHEA damages, we must affirm the trial court's judgment against EHEA on its breach of contract claim.[7]

**Conclusion**

We hold that the trial court did not err in granting summary judgment against EHEA on its claim against Chase for breach of their loan agreement. The trial court's summary judgment on EHEA's other claims against Chase must be affirmed on grounds not challenged in this appeal. We therefore affirm the trial court's judgment.

Harvey Brown
Justice

Panel consists of Justices Keyes, Massengale, and Brown.

---

[7] Because of our disposition of the EHEA's second issue on appeal, we need not reach EHEA's first issue on appeal, relating to the statute of limitations.

13