**Opinion issued August 2, 2018**



In The

# Court of Appeals

For The

# First District of Texas

————————————

## NO. 01-16-00963-CV

————————————

**ELAINE HALE AND KENNETH DORSEY PARKER, JR., Appellant**

**V.**

**CENTERPOINT ENERGY HOUSTON ELECTRIC, LLC, Appellee**

On Appeal from the 55th District Court
Harris County, Texas
Trial Court Case No. 2015-35049

## MEMORANDUM OPINION

Appellants, Elaine Hale and Kenneth Dorsey Parker, Jr., challenge the trial court's rendition of summary judgment in favor of appellee, CenterPoint Energy Houston Electric, LLC ("CenterPoint"), in their suit against it for negligence

related to a transformer fire.[1]  In their sole issue, appellants contend that the trial court erred in granting CenterPoint summary judgment.

We affirm.

## Background

In their petition, appellants alleged that on June 20, 2013, a transformer "owned, operated, controlled, and/or maintained by" CenterPoint "started a fire," which "caused damage that spread to [appellants'] property."  As a result of the fire, in addition to the damage to appellants' property, Hale sustained "pulmonary complications," "severe pain, physical impairment, discomfort, mental anguish, and distress."

The record reflects that appellants' property is located at 1120 Texas Street, Unit 4D, and the transformer fire occurred in an underground vault at 1121 Capitol Street.  Hale, who occupied the property, had been out of the country for approximately "nine months" when the fire occurred.  She returned to the property on July 1, 2013, but did not learn of the fire until May of 2014, nearly eleven months after it had occurred.

CenterPoint filed a no-evidence summary-judgment motion, challenging each element of appellants' negligence claim.  In their response, appellants argued that there is evidence raising a genuine issue of material fact on each challenged

---

[1]  Although appellants also sued CenterPoint for gross negligence, they do not raise any issues with respect to this claim on appeal.

element.  And they attached to their response an affidavit and deposition testimony from a medical doctor, Arch Carson, and an "Inspection Report" from the Occupational Safety and Health Administration ("OSHA").  In its reply, CenterPoint asserted that none of the evidence provided by appellants raised a genuine issue of material fact as to any element of their negligence claim.

The trial court, without specifying the grounds, granted CenterPoint summary judgment.  Appellants then filed a motion for new trial, asserting that the trial court had erred in granting summary judgment.  This motion was overruled by operation of law.

### Standard of Review

To prevail on a no-evidence summary-judgment motion, a movant must allege that there is no evidence of an essential element of the adverse party's cause of action or affirmative defense.  TEX. R. CIV. P. 166a(i); *Fort Worth Osteopathic Hosp., Inc. v. Reese*, 148 S.W.3d 94, 99 (Tex. 2004).  We review a no-evidence summary judgment under the same legal-sufficiency standard used to review a directed verdict.  *Gen. Mills Rests., Inc. v. Tex. Wings, Inc.*, 12 S.W.3d 827, 832–33 (Tex. App.—Dallas 2000, no pet.).  Although the non-moving party is not required to marshal its proof, it must present evidence that raises a genuine issue of material fact on each of the challenged elements.  TEX. R. CIV. P. 166a(i); *Ford Motor Co. v. Ridgway*, 135 S.W.3d 598, 600 (Tex. 2004).  A no-evidence

summary-judgment motion may not be granted if the non-movant brings forth more than a scintilla of evidence to raise a genuine issue of material fact on the challenged elements. *Ridgway*, 135 S.W.3d at 600. More than a scintilla of evidence exists when the evidence "rises to a level that would enable reasonable and fair-minded people to differ in their conclusions." *Merrell Dow Pharm., Inc. v. Havner*, 953 S.W.2d 706, 711 (Tex. 1997).

When reviewing a no-evidence summary-judgment motion, we assume that all evidence favorable to the non-movant is true and indulge every reasonable inference and resolve all doubts in favor of the non-movant. *Spradlin v. State*, 100 S.W.3d 372, 377 (Tex. App.—Houston [1st Dist.] 2002, no pet.). Because the trial court's order granting CenterPoint's no-evidence summary-judgment motion does not specify the grounds upon which the trial court relied, we must affirm the summary judgment if any of the grounds in the summary-judgment motion are meritorious. *FM Props. Operating Co. v. City of Austin*, 22 S.W.3d 868, 872–73 (Tex. 2000). Moreover, we note that if summary judgment may have been rendered, properly or improperly, on a ground not challenged on appeal, the judgment must be affirmed. *Ellis v. Precision Engine Rebuilders, Inc.*, 68 S.W.3d 894, 898 (Tex. App.—Houston [1st Dist.] 2002, no pet.).

**Negligence**

In their sole issue, appellants argue that the trial court erred in granting CenterPoint's no-evidence summary-judgment motion on their negligence claim because "[t]here exists sufficient evidence to raise a fact question with respect to proximate cause of the [appellants'] injuries" and there can be "no doubt" that more than a scintilla of evidence exists with respect to the remaining elements of their claim.

The elements of a negligence cause of action consist of the "existence of a legal duty, a breach of that duty, and damages proximately caused by the breach." *Gharda USA, Inc. v. Control Sols., Inc.*, 464 S.W.3d 338, 352 (Tex. 2015); *LeBlanc v. Palmer*, No. 01-15-00034-CV, 2015 WL 7261532, at *2 (Tex. App.—Houston [1st Dist.] Nov. 17, 2015, pet. denied) (mem. op.). Because the trial court did not provide a basis for its ruling, we may affirm if appellants failed to present evidence raising a genuine issue of material fact on any element of their negligence claim.

### *Breach*

Appellants first assert that CenterPoint's employees acted negligently when they made a "second attempt" to place a cover on the transformer inside the electrical vault "knowing it did not fit properly." In response, CenterPoint argues that appellants have not produced more than a scintilla of evidence as to the

5

element of breach because they have not produced any evidence of a "witness who was actually there when the [fire] occurred" or an "expert in the cause or origin of the . . . fire."

"Generally, a public utility has a duty to exercise ordinary and reasonable care, but the degree of care is commensurate with the danger." *Cura-Cruz v. CenterPoint Energy Houston Elec., LLC*, 522 S.W.3d 565, 570 (Tex. App.—Houston [14th Dist.] 2017, pet. filed); *see also First Assembly of God, Inc. v. Tex. Utils. Elec. Co.*, 52 S.W.3d 482, 491–92 (Tex. App.—Dallas 2001, no. pet). "This 'commensurate with the danger' standard does not impose a higher duty of care; rather, it more fully defines what ordinary care is under the facts presented." *Cura-Cruz*, 522 S.W.3d at 570. "Expert testimony is necessary to establish the applicable standard of care 'when the alleged negligence is of such a nature as not to be within the experience of the layman.'" *Schwartz v. City of San Antonio ex rel. City Pub. Serv. Bd. of San Antonio*, No. 04-05-00132-CV, 2006 WL 285989, at *2 (Tex. App.—San Antonio Feb. 8, 2006, pet. denied) (mem. op.) (quoting *FFE Transp. Serv., Inc. v. Fulgham*, 154 S.W.3d 84, 90 (Tex. 2004)). "In such a case, the expert testimony must establish both the standard of care and the violation of that standard." *Simmons v. Briggs Equip. Tr.*, 221 S.W.3d 109, 114 (Tex. App.—Houston [1st Dist.] 2006, no pet.).

Appellants did not provide testimony from any witness that was present when the fire occurred or any expert testimony to establish that CenterPoint's employees acted negligently. The only expert testimony in the record is from a medical doctor, Arch Carson, who admitted that he is not an expert in the cause or origin of the type of fire that occurred in this case. The remaining testimony in the record is from the depositions of the appellants, who both conceded that they did not witness the fire and do not have any understanding as to its cause.

In support of their argument that "[t]here can . . . be no doubt that CenterPoint's employees were negligent," appellants cite to an OSHA "Inspection Report" that they attached in response to CenterPoint's no-evidence summary-judgment motion. This report, however, does not explain the cause of the transformer fire, much less purport to establish how CenterPoint violated an applicable standard of care. *See Cura-Cruz*, 522 S.W.3d at 570 (explaining "degree of care is commensurate with the danger"). It simply explains that CenterPoint employees performed work on the transformer and the fire "occurred when the employees reattempted to place the cover over" the "terminals of the transformer."

Accordingly, we hold that appellants did not present more than a scintilla of evidence to support the breach element of their negligence claim. Therefore, we need not address the remaining elements of appellants' negligence claim

challenged in the trial court.  *See FM Props.*, 22 S.W.3d at 872 (explaining "the reviewing court must affirm summary judgment if any of the summary judgment grounds are meritorious"); *see also* TEX. R. APP. P. 47.1.

### *Res Ipsa Loquitur*

Appellants next invoke the doctrine of *res ipsa loquitur* to establish that more than a scintilla of evidence exists to prove CenterPoint's negligence.  In response, CenterPoint argues that the doctrine is inapplicable here.

The doctrine of *res ipsa loquitur* is a "rule of evidence by which negligence may be inferred by the jury; it is not a separate cause of action from negligence." *Haddock v. Arnspiger*, 793 S.W.2d 948, 950 (Tex. 1990).  It "is used in certain limited types of cases when the circumstances surrounding [an] accident constitute sufficient evidence of [a] defendant's negligence to support such a finding."  *Id.* Plaintiffs can prevail on a no-evidence challenge to their claim of negligence if they successfully invoke *res ipsa loquitur*.  *Mobil Chem. Co. v. Bell*, 517 S.W.2d 245, 251 (Tex. 1974).

"The *[r]es ipsa* doctrine is applicable when two factors are present: (1) the character of the accident is such that it would not ordinarily occur in the absence of negligence; and (2) the instrumentality causing the injury is shown to have been under the management and control of the defendant."  *Id.* (emphasis added).  "The first factor is necessary to support the inference of negligence and the second factor

is necessary to support the inference that the defendant was the negligent party." *Id.* "Courts have generally found *res ipsa* inapplicable where (1) the plaintiff cannot rely on general knowledge to show that the accident would not occur without negligence, and (2) the plaintiff has not produced expert testimony that the injury ordinarily does not occur without negligence." *Trans Am. Holding, Inc. v. Market-Antiques & Home Furnishings, Inc.*, 39 S.W.3d 640, 649 (Tex. App.— Houston [1st Dist.] 2000, pet. denied) (*res ipsa* jury instruction improper where plaintiff did not satisfy first factor); *see also Rebel Drilling Co., L.P. v. Nabors Drilling USA, Inc.*, No. 14-02-00841-CV, 2004 WL 2058260, at *13 (Tex. App.— Houston [14th Dist.] Sept. 16, 2004, no pet.) (mem. op.) (*res ipsa* jury instruction properly denied where no proof of general knowledge or expert testimony offered to demonstrate "that blowouts do not occur in the absence of negligence").

In support of the first factor, appellants merely assert that "[t]here can . . . be no dispute that transformers [do not] normally explode and cause fires in the absence of negligence." However, they have not "shown that there is general knowledge that such a fire cannot occur without negligence." *Trans Am.*, 39 S.W.3d at 649; *see also Schwartz*, 2006 WL 285989, at *5 ("[W]hat a power company's practices and procedures should be, or what industry standards are, when a circuit breaker within an electrical distribution is tripped is not within a person's general knowledge."). And appellants cite to no expert testimony that

supports their assertion that a transformer fire, like the one at issue here, could not occur in the absence of negligence. The only expert testimony in the record is from a medical doctor, Arch Carson, who—during his deposition—admitted that he had "no expertise in the cause and origins of fires." Accordingly, we hold that appellants did not satisfy the first requirement necessary to invoke the doctrine of *res ipsa loquitur*.

Because appellants did not satisfy the first requirement of *res ipsa loquitur*, we need not address the second factor. *See Trans Am.*, 39 S.W.3d at 649 (both factors are necessary to invoke *res ipsa loquitur*); *see also* TEX. R. APP. P. 47.1.

## Conclusion

Having held that appellants did not produce more than a scintilla of evidence to support the breach element of their negligence claim and did not properly invoke the doctrine of *res ipsa loquitur*, we further hold that the trial court did not err in granting CenterPoint's no-evidence summary-judgment motion.

We affirm the judgment of the trial court.


Terry Jennings
Justice

Panel consists of Justices Jennings, Bland, and Brown.